WARE v. STATE.

(Division B.   Dec. 31, 1923.)

[98 South. 229.   No. 23506.]

CRIMINAL LAW. *Application for continuance should specify testimony of absent witness; continuance not granted unless testimony of absent witness will tend to prove issue; affidavit of absent witness should be produced on motion for new trial or inability to secure affidavit shown.*

In an application for a continuance, the application should set forth with reasonable clearness what the absent witness would

testify to if present, and it is insufficient·if it does not set forth
facts tending to establish some issue in the case. If application
is overruled, the affidavit of the absent witness showing what
the evidence would be if the witness were present should be pro-
duced on a motion for a new trial, or the inability to secure the
same should be shown. *Lamar* v. *State*, 63 Miss. 265, cited.

APPEAL from circuit court of Clarke county.
HON. C. C. MILLER, Judge.
J. N. Ware, alias J. N. Weir, was convicted of manu-
facturing intoxicating liquor, and he appeals. Affirmed.

*Adams & Fatheree,* for appellant.

Appellant presented his motion for a continuance sup-
ported by the affidavit required by statute with a certifi-
cate of the doctor attending the absent witness, who is his
wife, stating that she was confined to her bed with la-
grippe. As is disclosed by the record, the court thereup-
on on his own motion ordered a Dr. B. F. Hand to go and
see the witness, Mrs. Wier, which he did, and appeared
as a witness to controvert appellant's affidavit as to his
wife not being able to attend court. The proposition of
the materiality of the witness's testimony was never con-
troverted by the state. This doctor was the only one who
testified that Mrs. Wier in his opinion was able to be in
court and he admitted, on cross-examination, in answer to
a hypothetical question based on the exact conditions that
subsequent testimony shows existed, that he would not
advise the witness to appear in court. Three other re-
putable doctors testified that they had examined her, one
of whom was her family physician, and that it would have
been extremely dangerous for her to have appeared in
court and undergone the ordeal of an examination as a
witness, and was therefore not brought into court as a
witness for her husband.

It seems apparent that from the very nature of the
charge the only defense was an alibi. That, living with
his wife and occupying the same room and bed at night,

as is stated in his affidavit, she, above any other person, was better qualified to testify as to his whereabouts at the time he is alleged to have manufactured liquor together with the state's witnesses. We submit that as this was the best defense and the only defense appellant was able to make that it was fatal error to deprive him of his wife's testimony. No one can say that her testimony would not have caused the jury to render a different verdict. *Woodward* v. *State,* 89 Miss. 348, 42 So. 167; *Scott* v. *State,* 80 Miss. 197, 31 So. 710; *State* v. *Vollm,* 51 So. 275; *Knox* v. *State,* 52 So. 695; *Dobbs* v. *State,* 51 So. 915.

The appellant's attorneys objected to the introduction of the testimony of Dr. Hand on behalf of appellant and the absent witness on the ground of privileged communications, which objection was overruled by the court. This was fatal error. *Y. and M. V. R. Co.* v. *Messina,* 109 Miss. 143, 67 So. 963; *Hamel* v. *Southern R. Co.,* 113 Miss. 344, 74 So. 276; *Newton Oil Mill* v. *Spencer,* 116 Miss. 568, 77 So. 605.

*S. C. Broom,* Special Assistant to Attorney-General, for the state.

It is manifest that no prejudicial error was made upon the trial of the case, and that the appellant was not denied any substantial right. The brief of appellant would indicate that they complain of the action of the trial court in overruling the motion for a continuance. It is well settled, of course, that this is a matter within the discretion of the trial court, and in the absence of the abuse of discretion on the part of the trial court, no reversal shall be had for failure to grant a continuance. This rule is so well established as to require no citation of authorities. It is plain to be seen from the record that if the wife of the appellant had testified, her evidence would have been cumulative, and it would be immaterial and unimportant, because the real issue here was whether or not this liquor

was manufactured after March 16, 1921. All of the witnesses testified that the still was operated and whisky was made in Weir's pasture and Vorhees' pasture. The question left in doubt, and to be determined by the jury was whether or not it was manufactured before or after March 16, 1921. Two witnesses for the state testified positively that whisky was made about that date. The other colored witnesses were unable to fix the date with any degree of certainty. This question of fact was determined by the jury, and if they believed the two witnesses for the state, then, of course, the verdict was well warranted by the evidence as shown by the record.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was indicted, tried, and convicted for manufacturing intoxicating liquors and sentenced to the penitentiary, from which judgment he appeals here. The indictment charges that the appellant, on the 16th day of March, 1921, in the county aforesaid, and thence continuously up to the finding of this indictment did unlawfully, willfully, and feloniously make, manufacture, and distill vinous, spirituous, alcoholic, and intoxicating liquor. This indictment was returned at the March term, 1923, and was filed on the 16th day of March, 1923.

Appellant made a motion for a continuance, on the ground that his wife was a material witness, was sick, and unable to attend. The material part of the affidavit is as follows:

"That the said Mrs. Carrie Weir's testimony is material, in that she has lived and resided with the defendant continuously day and night since the 16th day of March, 1921, and for years prior thereto. That next to himself the said Mrs. Carrie Weir knows the whereabouts of the defendant day and night better than any other living person, and is more qualified as to his whereabouts than any other person. That the defendant can prove his

continuous whereabouts better by the said Mrs. Carrie Weir than any other person. That she occupies the same room and bed with the defendant at night, and that he can prove these facts by no other witness. That without said witness he cannot safely go to trial at this term of the court. That the indictment was returned at the present term of this court on the 16th day of March, 1923.

"Affiant further states that there is no doctor residing at the said town of Enterprise, nor within four and a half miles of his home, and that his attendance upon his said sick wife is necessary."

The court, when this motion was presented, directed Dr. Hand, a physician, to go and examine the sick witness, and to report to the court whether she was able to attend and testify. Dr. Hand went to the home of the witness, and made an examination without objection on her part, and reported back to the court that she was able to appear and testify. When Dr. Hand went to the house of the witness and made the examination the witness asked him if he could make her go, and he told her he could not, that it was for her to determine whether she would go or not, but if she desired to go she might go in his car with him, which she did. When she reached Quitman she was taken to a drug store and examined by other doctors at the instance of appellant, and they testified she was unable to appear in court, that she was highly nervous, her pulse was one hundred and ten, and that she had less than a degree of fever, and in their opinion she was suffering with influenza or grippe. The court directed Dr. Hand to re-examine her and report, which he did, and reported that, while she was nervous and had about two-fifths of a degree of fever, in his opinion she was able to appear and testify. Thereupon the court overruled the motion for a continuance, and the state introduced several witnesses, who testified, saying that appellant manufactured liquor on different occasions, which evidence the appellant denied, testifying in his own behalf, but failed

to introduce his wife as a witness. No affidavit by the wife was tendered, either during the trial or on the motion for a new trial, neither was her testimony taken before the court on the motion for a new trial, in accordance with the practice announced in *Lamar* v. *State,* 63 Miss. 265.

In our opinion the application for a continuance was properly overruled, because the application itself does not sufficiently show that Mrs. Weir would testify that appellant was not guilty, and it specifies no time or place at which she would place the defendant at the time he was alleged to have made the whisky. It does not appear from the application with sufficient clearness that she would testify contradicting the state's witnesses. It is true the defendant was required to run the gauntlet for a period of two years before the finding of the indictment, but he could have ascertained, or at least it does not appear that he could not ascertain, what the state's witnesses would testify, and thus be able to specify more particularly what his wife would testify to. In the second place, the rule of the Lamar case is a reasonable one, and no pretense was made towards complying with it.

There is no merit in the other assignments of error.

*Affirmed.*