# Cox v. State.*

(Division B.  March 9, 1925.)

[103 So. 129.  No. 24282.]

1. CRIMINAL LAW.  *Only if accused is prejudiced by refusal of motion for continuance or injustice results will supreme court interfere; if motion for continuance is overruled, witness who could not be procured should be produced on motion for new trial, if possible, and, if not, his affidavit should be obtained.*

   The trial judge is vested with discretion in granting or overruling a motion for continuance, and it is only where the defendant is prejudiced by such ruling or injustice results from it that this court will interfere. If the motion is overruled it is the duty of the defendant to continue to use the process of the court up to and during the trial, and if such effort does not procure the presence of the witness, the witness should be produced on a motion for a new trial if he can be produced, and if not, his affidavit should be obtained if possible so that the sworn statement of the witness may be before the court on a motion for a new trial. *Lamar v. State,* 63 Miss. 265; *Ware v. State,* 133 Miss. 837, 98 So. 229, cited.

2. CRIMINAL LAW.  *Proper procedure on overruling motion for continuance if case is set for trial and special venire ordered drawn returnable at later day, stated.*

   Where a motion for a continuance has been filed and overruled on the call of a case, and the case is set for trial and a special venire ordered drawn returnable at a later day, the motion for a continuance should be renewed on such day to which the venire was returnable, and the motion should show that proper efforts were made between the overruling of the motion on the former day and the day of trial to procure the attendance of the witness, and the whereabouts of the witness should be stated in the adffiavit showing that the witness is within the jurisdiction of the court.

3. CRIMINAL LAW.  *Ordering forfeiture of accused's bond because of absence, in presence of venire, and fining accused's attorneys for being absent on call of case for trial, and issuing capias to bring defendant into court under arrest, not reversible error.*

   The fact that the circuit judge, in the presence of the venire summoned to try the defendant for a crime, ordered a forfeiture of defendant's bail bond because of defendant's absence, and the fact

that the judge, in the presence of the venire, fined defendant's attorneys for being absent when the case was called for trial, and issued a *capias* for the defendant bringing her into court under arrest, will not cause a reversal of the case, where there is no showing made of prejudice, and where the record does not show that any venireman was questioned with reference to such proceedings, and where there was no challenge to any of the veniremen and no showing made that the jury who actually tried the ·case was selected or obtained from such venire.

---

*Headnotes 1. Criminal Law, 16 C. J., sections 821, 894, 2638, 3578; 2. Criminal Law, 16 C. J., section 891 (1926 Anno); 3. Criminal Law, 17 C. J., sections 3602, 3610.

Appeal from circuit court of Lamar county.

Hon. J. Q. Langston, Judge.

Edna Cox was convicted of murder, and she appeals. Affirmed.

*H. C. Holden,* for appellant.

I. The Court Erred in Refusing to Grant a Continuance to the Next Term. An application for a continuance on the ground of the absence of a witness is addressed to the sound discretion of the trial court, and in the exercise of this discretion the action of the court will not be reviewed or disturbed except where it is clearly shown that there has been an abuse of discretion.

Certain concurring facts have, from a very early date, been considered by this court and other courts as guiding stars to a proper exercise of discretion in passing on application for a continuance based on the absence of a witness. Thus it is uniformly held by this court, and generally held by other courts, that the court must be satisfied that the testimony of the absent witness is materially important; second, that the party applying for it has not been guilty of neglect or laches in endeavoring to procure the attendance of the witness; and third, that

there is a reasonable expectation that the witness can be procured at the next term; and where the application makes a satisfactory showing in regard to the foregoing concurrent facts it is ordinarily considered erroneous to refuse a continuance, especially where the facts expected to be established cannot be proved by other witnesses. See 16 C. J. 457, et seq.; *Hill* v. *State,* 72 Miss. 527, 17 So. 375; *Havens* v. *State,* 75 Miss. 488, 23 So. 181; *Hattox* v. *State,* 80 Miss. 186, 31 So. 579; *White* v. *State* (Miss.), 45 So. 611; *Brooks* v. *State,* 108 Miss. 571, 67 So. 53; *Johnson* v. *State,* 111 Miss. 828, 72 So. 239; *Walker* v. *State,* 129 Miss. 449, 92 So. 580.

The statements in the affidavit for continuance, being uncontradicted or denied, and being supported and confirmed by the record of the trial, must be taken as true. When so regarded, it is plain that the testimony of the absent witness was most important to the defendant. The value of this testimony was incalculable. It was testimony of the highest probative worth to the defendant. It was the best testimony which the defendant could have possibly obtained. It was testimony that would have corroborated defendant's statement of what happened and would have made complete a case of self-defense. It was testimony that, if believed, would have proved a justifiable homicide. It was testimony that, if believed, would have entitled the defendant to an acquittal.

The defendant's plea was self-defense. Without this absent witness she was unable to make out a case of self-defense except by her own testimony. She should have been given the right to corroborate her own statements by the testimony of a disinterested eyewitness. The denial of this right and this opportunity was a most serious injustice.

Coming now to the second guiding star. Was the defendant diligent? Statements as to her diligence in the affidavit were not denied or contradicted by the testimony and they must be taken as true. So regarded, no reasonable man could say that the defendant failed to use

due diligence in obtaining the presence of the witness. It must be remembered that the defendant is an ignorant negro woman and of course, does not understand the method of obtaining the presence of a witness. She thought that Brown would be present because he promised that he would. She thought that he had been summoned. She knew what a summons meant but the details of service of process she could not be expected to understand. She was lulled into security by the promises of Brown, and in her ignorance she was unaware that the technicalities of process serving had not been fully complied with.

The third requisite is fully satisfied in that the affidavit for continuance and the record shows that it was not only reasonably expected that the absent witness could be procured at the next term but it was extremely likely that this witness would be present.

It will be well now to refer to the decisions of this court in prior, similar cases, and to consider and compare them with the case at bar. *Long* v. *State*, 52 Miss. 23; *Hill* v. *State*, *supra*; *Havens* v. *State*, *supra*; *Hattox* v. *State*, *supra*; *Scott* v. *State*, 80 Miss. 197, 31 So. 710; *Watson* v. *State*, 81 Miss. 700, 33 So. 491; *Fooshee* v. *State*, 82 Miss. 509, 34 So. 148; *Whit* v. *State*, 85 Miss. 208, 37 So. 809; *Montgomery* v. *State*, 85 Miss. 330, 37 So. 835; *Caldwell* v. *State*, 85 Miss. 383, 37 So. 816; *Walton* v. *State*, 87 Miss. 296, 39 So. 689; *Woodward* v. *State*, 89 Miss. 348, 42 So. 167; *Watts* v. *State* 90 Miss. 757, 44 So. 36; *Cade* v. *State*, 96 Miss. 434, 50 So. 554; *Dobbs* v. *State*, 96 Miss. 786, 51 So. 915; *Brooks* v. *State*, *supra*; *Johnson* v. *State*, *supra*; *Williams* v. *State* (Miss.), 23 So. 547; *Magee* v. *State* (Miss.), 45 So. 360; *White* v. *State*, *supra*; *Anderson* v. *State* (Miss.), 50 So. 554; *State* v. *Vollm*, 96 Miss. 651, 51 So. 275; *Knox* v. *State*, 97 Miss. 523, 52 So. 695; *Walker* v. *State*, *supra*.

II.   The Special Venire Should Have Been Quashed. The defendant moved the court to quash the special venire because these special jurors necessarily were

prejudiced against the defendant on acount of the action of the court in their presence, in forfeiting the bond of the defendant and in causing her arrest, and in imposing a fine of one hundred dollars on each of her counsel for contempt of court.

Possibly there are no technical objections to this action on the part of the court. It may be that the court was only exercising its lawful prerogatives. But the court exercised its prerogative in a manner prejudicial to the defendant. It was all right to forfeit the bond. There was nothing wrong or unlawful in arresting the defendant in the courtroom after the forfeiture had been entered, but the wrong was done when the court permitted the defendant to be tried by a jury selected from the special venire which sat there and witnessed the forfeiture and the arrest.

And when the court, again exercising its prerogative, entered the fine of one hundred dollars upon each of the counsel for the defendant for contempt of court because of their failure to be present when the case was called, the suspicion and bias already instilled in the minds of the members of the special venire became crystallized and solidified and this defendant was then and there convicted in their minds.

*F. S. Harmon*, Assistant Attorney-General, for the state.

I. There was no Reversible Error in Refusing the Motion for a Continuance Because of the Absence of Witness, W. B. Brown. Turn to the affidavit filed by the defendant herself in support of her motion for a continuance to see whether that is in line with the statutory requirements. Be it remembered that more than a year elapsed between the time of the killing and February 6, 1924, when this case was set for trial. The defendant got out on bond the preceding April, and had had many months to make all necessary preparations for her de-

fense. She swears, however, in her first affidavit filed February 6th, that she had a subpoena issued for the said Brown prior to the July, 1923, term of the court, that the process was returned unexecuted, as was the process issued for him in Lauderdale county. The affidavit sets out further that the defendant had process issued to the sheriff of Lincoln county during the 1923 term of court, and the first affidavit is to the effect that this process was never returned, while the second affidavit, with which we are primarily concerned here, states that this was likewise returned unexecuted. The defendant admits, however, that Brown was actually in Lumberton, the scene of the crime and within the county, over a considerable period of time in December, 1923, and January, 1924, and that she talked to him several times about the case and had his word that he would be present. It would have been perfectly simple for this witness to have been served with process at any time during this period. Both the appellant and her attorneys knew that the case was coming to trial on February 6th, yet nothing was done during this interim.

It seems that Brown has worked for several years in lumber camps and cross-tie camps, and although he has operated around Lumberton as a center, we fail to find sufficient allegations in the affidavit that this was still the place of his actual residence. In the affidavit filed February 6th, the appellant stated that the missing witness was then in Jones county working at a tie camp there. Nine days actually elapsed between the time this case was called and the time the jury was empaneled, and if this negro could not be located and process served on him during this period of time, then we submit to this court in the light of the facts of the case that there is nothing whatever to indicate that his presence could have been procured at the next term of the court.

The second affidavit filed February 12th, alleged that the sheriff of Jones county had not been diligent or had not had ample time to locate the witness, but an officer

is presumed to do his duty, and it requires more than a mere statement, such as this, to rebut this presumption.

The legislature has regulated this question of the granting of continuances, by section 567, Hemingway's Code.

A long line of court decisions in this state emphasizes the fact that the granting or denial of a continuance shall lodge in the sound discretion of the trial court, and it is submitted that this discretion was not here abused. *Solomon* v. *State,* 71 Miss. 567, 14 So. 461; *Lipscomb* v. *State,* 76 Miss. 223, 25 So. 158; *Williams* v. *State,* 92 Miss. 70, 45 So. 146.

Under section 1256, Hemingway's Code, appears the following annotation from *Thomas* v. *State,* 61 Miss. 60: "Absence of a material witness is no ground for a continuance even in a capital case, if there has been opportunity for compulsory process which has not been obtained." The state admits the correctness of counsel's citations, but this court will find that this is not a proper case for their application. With respect to the illness of counsel, attention is called to *Grogan* v. *State,* 63 Miss. 147.

II.  Finally, it is argued that the jury was prejudiced in this case because the special venire was in the courtroom when the bail bond of the appellant was forfeited and she was ordered under arrest for failure to appear at the time set for the trial, and because her attorneys were fined for contempt of court because they were absent, also, when the case was called.  The record shows that both the regular panels and the special venire were ordered out of the room on the contempt hearing, and the mere fact that they were present when the fine was imposed could not constitute prejudicial error, especially in view of the fact that counsel appointed by the court to defend this woman were relieved and Mr. Coleman, one of her employed attorneys who came in and explained his absence satisfactorily, was permitted to handle the case.  His actual conduct of the trial quieted any questions of doubt that may have been put into the minds of the prospective jurymen when they heard the fine im-

posed. There is nothing unusual in the forfeiture of a bail bond in a criminal case, nor in taking the defendant into actual custody in the courtroom.

The calling of a special venire is a costly process. This case was delayed several days in order that this request of the appellant might be complied with, and it is asking too much at this time to demand a reversal because the special venire was present when these other incidental proceedings were under way.

Argued orally by *H. Cassedy Holden,* for appellant, and *Francis Harmon,* Assistant Attorney-General, for the state.

Etheridge, J., delivered the opinion of the court.

The appellant was indicted for the murder of Bettie Rightout, and was tried, convicted, and given a life term in the penitentiary for such offense. The killing occurred in January, 1923, and the indictment was filed on the 30th day of January, 1923. The case was not tried at that term of court, and during the month of June, 1923, process was issued for one W. B. Brown, an alleged eyewitness, on the part of the defendant. The process seemed to have been returned without Brown being found in the county. The case was continued until the January, 1924, term of court, and was called for trial on February 6, 1924, and an application for a continuance was then filed by the defendant, in support of which application she made affidavit that she could not safely go to trial because of the absence of the witness Brown, who she alleged was absent without any fault on her part, or procurement or design of the defendant; that she had a subpœna issued for the said Brown prior to the July, 1923, term of the court, and that the process was returned unexecuted, and that defendant on being advised that said Brown was in Meridian, Miss., had process issued for him to Lauderdale county, Miss.; that said process was returned unexecuted with the information that said

Brown was at Norfield, Miss., Lincoln county; that thereupon the defendant had process issued and directed to the sheriff of Lincoln county, for said Brown during the July, 1923, term of court, which process she alleged was never returned. It is then alleged that the defendant saw Brown, the witness, at Lumberton, Miss., which is in the county where the case was tried; that said Brown was at Lumberton during December, 1923, and January, 1924; and that defendant talked with him and he assured her he would be present at the January, 1924, term of court to testify in her behalf. It is further alleged that the defendant is an illiterate, ignorant negro woman, inexperienced in court procedure, and that she thought that the said Brown had been duly served with process until her case was called for trial; that she then and there had process issued to Lamar county for said witness Brown, and said process was returned unexecuted; that the deputy sheriff, to whom the last mentioned process was delivered, advised the defendant that he learned that said witness was at a tie camp near Poplarville, Miss., and from other sources the defendant learned that said Brown was at Laurel, Miss.; and that she immediately had process issued for each county and placed in the hands of the proper officers. She then sets up that Brown was a material witness and an eyewitness to the killing and sets forth in some detail what his testimony would be.

An affidavit is also made by one of the attorneys for the defendant, stating that he has had the exclusive management and control of the case, and that he personally had issued the process referred to in the affidavit of the defendant; that the first process was issued on June 13, 1923; that the attorney had investigated the case, and believed that said Brown, if present, would testify to the facts set forth by affiant in her motion and affidavit. Affiant says that he gets this information and belief from an investigation of the matter and in talking with other witnesses. He states that his failure to have process issued earlier during the present term, and prior there-

to, was due to the fact that he was taken seriously, violently, and dangerously ill on December 24, 1923, and was confined to his bed continuously until February 4, 1924, and that during all of said time he was utterly and completely incapacitated for business of any kind and was not able to look after this case; that as soon as he was sufficiently recovered from such illness and able to get to the courthouse he, said attorney, had process issued for the said witness, Brown; that said witness is absent without any fault, procurement, or design of said affiant and he believes without fault of the defendant; that affiant believes that the testimony of said witness, Brown, is material, and he believes he can have him present to testify at the next term of court.

Nothing appears to have been done with the case in the court below until February 12, 1924, when the motion for a continuance was renewed and the affidavits renewed, also, and on the case being called for hearing, defendant's attorney called on the sheriff of Jones county, at Laurel, Miss., and was informed that process was not executed, but that it would be if the witness was in the county, but that said process was returned unexecuted.

This motion was overruled and motion for a special venire was filed with request that it be served one full day before the trial. This venire was returnable on February 15, 1924. When the case was called on February 15th, neither the defendant nor either of her attorneys was present in the courtroom. The court thereupon took a forfeiture upon her bail bond and issued a *capias* for the immediate arrest of the defendant, and also entered a fine against her attorneys for not being present in court when the case was called for trial. The defendant was arrested and brought into court, and other attorneys appointed by the court to defend the defendant; but before the impaneling of the jury in the case was begun one of the defendant's attorneys appeared in court and was permitted to take charge of the defense, the attorneys appointed by the court retiring from the case. The

attorneys for the defendant thereupon moved to quash the special venire because of the fact that the court had declared a forfeiture of the defendant's bond in the presence of the venire, and also because a fine was imposed upon her attorneys in the presence and hearing of the venire. Defendant's attorney also made a showing that he was absent because his partner had assured him that he would look after the case personally in the trial thereof, and the fine for such attorney was remitted.

The motion to quash the venire was overruled, and the trial proceeded without any other motion for a continuance being made on account of the absent witness so far as the record shows.

After the conviction, a motion for a new trial was filed, but no evidence was introduced as to the whereabouts of the witness Brown, nor was any affidavit of Brown procured to show what he would testify to if present, should a new trial be granted.

There was no evidence either upon the motion to quash the venire or on the motion for a new trial to sustain the motion, nor does the record show anywhere that any juror was prejudiced or influenced in any manner by the proceeding.

The principal ground relied upon for reversal is the refusal of the circuit court to continue the case on the showing made.

The defendant was the only eyewitness for the defendant, and one eyewitness for the state who was present at the killing testified as an eyewitness.

The evidence of Brown, if it were as set forth in the affidavit, might have changed the result of the verdict; but we cannot reverse the case because on February 15, 1924, there was no motion for a further continuance nor any showing made that any effort had been made to learn the whereabouts of Brown since the overruling of the motion on February 12, 1924, and also because there was no sufficient diligence in having process issued prior to the trial term; nor was it sufficiently shown where the defendant was.

In ruling on motions for a continuance, the circuit judge is usually in a better position to judge of the propriety of continuing or refusing to continue a case, and it is only where a person prejudiced by such ruling can make a showing that injustice resulted or that he was prejudiced by such ruling, that this court can interfere with such discretion of the trial judge. To avail of this assignment it was the duty of the defendant, after the motion was overruled, to continue to use the process of the court up to and during the trial so that such witness might be available, and failing to secure the presence before or during the trial, the defendant should endeavor to secure the attendance of the witness for examination on the motion for a new trial, and if for any reason he cannot personally be present, his affidavit should be secured, if that can be done, setting forth what his testimony would be were he present in court, sworn to by the witness personally.

This rule is announced in *Lamar* v. *State,* 63 Miss. 265, and reiterated in *Ware* v. *State,* 133 Miss. 837, 98 So. 239.

There was no sufficient showing made that the witness was within the jurisdiction of the court and that process would secure his attendance at the next term. So this assignment of error is unavailing here.

We do not think that the fact alone that the judge took a forfeiture on the bail bond in the presence of the venire was sufficient to reverse the case, nor do we think the fact that the judge imposed on the lawyers a fine for being absent, which fine was imposed in the presence of the venire, was itself sufficient to cause a reversal of a case.

The record fails to show that any challenge for cause was made on this ground or that the question was raised during the impaneling of the jury. The defendant could not willingly take a juror knowing these facts and afterwards set up a disqualification which was not raised when the juror was being impaneled.

It follows that the judgment of the court below must be affirmed.

*Affirmed.*