## OSBORNE *v.* STATE.[*]

(Division B.    March 28, 1927.)

[111 So. 834.    No. 26177.]

1. CRIMINAL LAW. *Applicant for continuance of criminal case for absence of witnesses must show due diligence in summoning them and continue to use process; applicant for continuance of criminal case for absence of witnesses must, if possible, procure them on motion for new trial or take their affidavits; applicant for continuance of criminal case for absence of witnesses must on motion for new trial, set forth expected testimony.*

     Where a motion is made for a continuance in a criminal case on the ground that material witnesses are absent, the applicant must show due diligence in having said witnesses summoned, and, if they fail to appear, the applicant must continue to use the process of the court, and after trial must, if possible, procure witnesses on motion for new trial or take their affidavits; and the applicant must set forth the facts that said witnesses would testify to, and this application must be supported by the witnesses on motion for a new trial, if their presence or their affidavits can be obtained.

2. CRIMINAL LAW. *If defendant fails to deny confession at trial and on motion for new trial and produces no witnesses to establish its illegality, conviction will not be reversed, regardless of failure to make return to summons issued for one witness.*

     Although a defendant may or may not testify in a criminal case at his option, yet if he fails to testify and deny an alleged confession proved by the state's witnesses, and fails to produce witnesses to establish the illegality of said confessions, and does not himself testify on the motion for a new trial with reference thereto, the court will not reverse the case because the witnesses were not produced, and although no return was made to one summons issued for one of the witnesses by the sheriff.

3. CRIMINAL LAW. *Intoxicating liquors. In prosecution for unlawful possession of still, showing existence of still and its illegal use establishes corpus delicti; on establishing existence of still and illegal use, confessions are competent and sufficient to prove possession; evidence held to sustain conviction for unlawful possession of still.*

In a charge of unlawful possession of a still, the *corpus delicti* is proved by showing the existence of the still and that it was used for unlawful purposes, and, where this has been established, the confessions of the defendant are competent and sufficient to prove his possession of said still.

---

*Corpus Juris-Cyc References: Criminal Law, 16CJ, p. 489, n. 11; p. 491, n. 38; p. 493, n. 60; p. 736, n. 46; p. 772, n. 31; p. 1138, n. 26, 32; p. 1226, n. 6; p. 1235, n. 34; 17CJ, p. 280, n. 4 New; Intoxicating Liquors, 33CJ, p. 758, n. 80. As to necessity of application for continuance to show diligence, see 6 R. C. L. 563; 2 R. C. L. Supp. 156.

APPEAL from circuit court of Grenada county.

HON. T. L. LAMB, Judge.

C. E. Osborne was convicted of the unlawful possession of a still, and he appeals. Affirmed.

*W. E. Stone* and *B. D. Newsom,* for appellant.

I. *The court improperly refused to grant a continuance to the defendant.* Hemingway's Code, section 567, prescribes what is necessary to be set up in the affidavit for a continuance and every requirement of the statute was fully met. The judgment will not be reversed because a continuance was refused, unless there was an abuse of sound discretion by the court. *Solomon* v. *State,* 71 Miss. 567, 14 So. 461; *Lipscomb* v. *State,* 76 Miss. 223, 25 So. 158. See, also, *Cox* v. *State,* 103 So. 129; *Lamar* v. *State,* 63 Miss. 365; *Ware* v. *State,* 133 Miss. 837, 98 So. 239. The trial judge in this case abused his sound discretion in not granting a continuance from the showing made before him.

Where the defendant has used reasonable diligence to procure the attendance of a material witness who was in the jurisdiction of the court, continuance should have

been granted. *Watts* v. *State,* 90 Miss. 757, 44 So. 36;
*White* v. *State,* 95 Miss. 75, 48 So. 611; *Magee* v. *State,*
45 So. 360. This court has always held that where the
defendant was prejudiced by the refusal of the trial judge
to grant a continuance, it will reverse and remand the
cause. *Corbin* v. *State,* 99 Miss. 486, 55 So. 43; *Brooks*
v. *State,* 108 Miss. 571, 67 So. 53.

An affidavit for continuance for absence of a witness
is fatally defective if not giving his residence so that the
court may know he is not out of its jurisdiction. *Donald*
v. *State,* 41 So. 4. On page 5 this affidavit for continu-
ance shows specifically that the material witnesses are
within the jurisdiction of the court and give their post
office and county addresses, severally. Section 26, Mis-
sissippi Constitution.

It is clearly shown by the record in this cause that
the defendant had used every legal remedy to obtain
the presence of the witnesses for defendant.

II. *The court erred in admitting the evidence based
on the void search warrant in this cause.* The affidavit
for the search warrant was vague and indefinite and is
not with such description as would enable an officer to
locate the place to be searched. There is a distinction
between *Matthews* v. *State,* 100 So. 18, and the case at
bar. In the instant case the search warrant directs the
sheriff to search the person of Charley Osborne and the
court held in *Duckworth* v. *Town of Taylorsville,* 107 So.
666, that there is neither statute nor common-law au-
thority in this state for the issuance of a warrant for
the search of the person of an individual and evidence
procured by the search of the person of the defendant,
where there is no authority to arrest, is inadmissible
against the defendant, citing *Comby* v. *State,* 106 So. 827.
In my opinion, to sustain this conviction, *Medlin* v. *State,*
108 So. 177, will have to be overruled.

III. The court erred in admitting the evidence of D.
W. Dogan, sheriff, E. S. Chapman and Glen Whitehead,

prohibition agents, W. J. Jennings, Jr., and R. M. Woods, deputies, and the confessions and admissions by the defendant in the lower court. *Floyd* v. *State,* 103 So. 368; *Sam* v. *State,* 33 Miss. 347; *Stanley* v. *State,* 82 Miss. 498, 34 So. 360; *Murray* v. *State,* 104 Miss. 296, 61 So. 315; *Baron* v. *State,* 111 Miss. 231, 71 So. 374; *Rayborn* v. *State,* 115 Miss. 730, 76 So. 639; *Patterson* v. *State,* 127 Miss. 256; *Williams* v. *State,* 129 Miss. 469.

In *Donahue* v. *State,* 107 So. 15, it is shown that the confession which was admitted was corroborated by the dying declarations of the deceased and, therefore, the court, then and now, has always viewed the confessions only when they were supported by corroborative evidence.

In *Lovern* v. *State,* 105 So. 759, the court held that evidence obtained by search without warrant to be inadmissible, unless it appeared that property was owned or in possession of the accused. And in the case at bar, the state has failed to prove that the property was owned or in possession of the appellant.

IV. The court erred in granting instruction No. 3 for the state. This instruction is based solely upon the admissions by the appellant and not supported by corroborative evidence.

*W. A. Scott, Jr.,* Special Agent, for the state.

I. *The court did not err in refusing to grant the motion for continuance.* Appellant did not use that degree of diligence required of him by *Lamar* v. *State,* 63 Miss. 265, which holds that the due diligence required of defendant to secure his witnesses does not cease on the trial of the case, but that he must exercise this diligence throughout the entire term and produce the witnesses or their affidavits, if possible, on the hearing of the motion for a new trial. As to the two motions for continuance,

we believe that both of them are defective and were properly overruled.

II. *The evidence was properly admitted.* The affidavit for the search warrant and the search warrant itself contained a sufficient description of the property to enable the officers to make the search. *Bradley* v. *State,* 98 So. 458, 134 Miss. 20; *Matthews* v. *State,* 100 So. 18, 134 Miss. 807; *Loeb* v. *State,* 98 So. 449, 133 Miss. 883.

Under the authority of *Duckworth* v. *Town of Taylorsville,* 107 So. 666, the appellant contends that the search warrant is void because it authorizes the search not only of defendant's property but also of his person. In the present case, however, we do not believe that the defendant is in a position to raise this question for the reason that there was no search of his person nor was any such search even attempted.

The defendant further contends that the evidence of the finding of the still was erroneously introduced in evidence for the reason that it was not found upon his premises. If the still was not upon the defendant's property then he cannot object to its introduction on the ground that the search warrant under which it was found was void. *Ross* v. *State,* 140 Miss. 367, 105 So. 846.

III. *The instructions are correct.* In substance, those refused for the defendant sought to tell the jury that the confessions could not be considered until the *corpus delicti* was first established. Under the authority of *Walker* v. *State,* 137 Miss. 246, 89 So. 921, a confession must be considered together with other evidence to establish the *corpus delicti* provided such other evidence is of such character as will justify the mind that it is a real and not an imaginary crime which the accused has confessed. To the same effect is *Patterson* v. *State,* 127 Miss. 256, 90 So. 2; and *Garner* v. *State,* 132 Miss. 815, 96 So. 743.

In the present case the *corpus' delicti* is proved beyond dispute; and the confessions of the appellant were corroborated by the finding of the still and by the circumstances under which it was found.

ETHRIDGE, J., delivered the opinion of the court.

Appellant was indicted, tried, and convicted for the unlawful possession of a still, and sentenced to the penitentiary. Appellant was tried a few days before the present trial at the same term of the circuit court, and the jury, failing to agree, were discharged, and the case called for retrial during a subsequent week, and it appeared that some of the witnesses who were present at the first trial were absent, and a motion was made for a continuance, in which motion it was claimed that appellant could not go to trial safely without such witnesses, and that among the things he expected to prove by them was that force and coercion were had in extorting a confession introduced in the first trial. Process was issued for the absent witnesses, one of them being then in Madison county, and the other in Adams county. The process to Madison county was returned ''Not found,'' and with the return was the statement in a letter from the sheriff, giving another name by which appellant's witness was known, and stating that such party was then in Yazoo county, but he expected him back in Madison county shortly.

On motion for a continuance after the return of this process, and before the process from Adams county was returned, the state offered evidence of the two absent witnesses on their direct examination at the first trial, and it appeared that they did not testify as to such coercion. There is nothing in the record to show that the court discharged the witnesses, and we are asked to take knowledge of the alleged custom of discharging witnesses in such cases of disagreement.

The sheriff of the county received information that appellant was violating the law with reference to liquor, and made affidavit for a search warrant before a justice of the peace of said county, in which he stated that he had information from a reliable source, which he believed to be true, that appellant was engaged in the manufacture and sale, or had possession of, intoxicating liquors, at a place occupied by him about fourteen miles west of Grenada, on the north side of the Grenada and Charlestown road, and upon this affidavit the search warrant was issued, directing the sheriff to search the premises, outhouses, etc., and person of the defendant, and to arrest the defendant and seize any liquors, or stills, or appliances found, etc. The sheriff with two deputies and two federal prohibition officers, armed with this search warrant, proceeded to the appointed place occupied by appellant on the side of the public road, and found him and other persons on the gallery of his home early in the morning in question, and served the warrant, and proceeded to search the house, and found a small quantity of liquor in vessels, but did not find any still or any great quantity of liquor. The sheriff and prohibition officers noticed a fresh track, and, following this track from Osborne's house to a place situated in a hollow nearly one-half mile from his house, they there found a still set up, which had been operated, and found a large quantity of beer, about fifteen hundred gallons, near the still. When they discovered this still, they returned to the house where the deputies and others were in charge, and they all returned to the place where the still was and, according to the officers, appellant had a conversation in which he stated that most, but not all, of the beer belonged to him, that he owned the still and had set it up, and that he took it down for the officers, and requested them to tell him who had informed them that he was engaged in that business. This they refused to do. He then stated that, if they would tell him who informed on him, he would give them the name of every manu-

facturer of liquor in the county. They refused, however, to do so. He then said he knew who had informed on him, and if they would go with him he would show the still of such person. They went some three hundred yards on another route and found where a still had been located, but none was there at the time. They also testified that, while destroying the barrels which contained the beer or mash, appellant requested them not to do so, that the barrels had cost him money. According to one of the officers, on the way from the house to the still, appellant and said officer engaged in a conversation in which the officer stated to appellant that he seemed to be an intelligent man, and why would he engage in such a business, and that appellant stated that he was not an educated man and had no other way of making his living; that he intended to save up money enough and buy a certain forty acres of land, and when he did this it was his expectation to abandon this business. Appellant did not testify, and there was no denial of this conversation, except that a witness for the defendant stated that he did not hear the conversation. This conversation, however, was testified to by three officers, and, in addition, the other officers testified to another conversation referred to in the record.

It is claimed by appellant that the court erred in refusing to grant a continuance on the ground of the absent witnesses. There was nothing to show that the witnesses were discharged by the court, nor is there anything to show that their testimony would be different from what it was on the first trial. Although conversations were offered in evidence on that trial, nothing was said by these witnesses with reference to any coercion used upon appellant.

Appellant failed to testify. Of course, under the law, that was his privilege, but after the trial was over and he was convicted, it was certainly permissible for him to testify on the motion for a new trial, so that the court would know upon what basis he expected to have the

witnesses testify, and whether or not they were absent by his consent or procurement. In *Lamar* v. *State,* 63 Miss. 265, the court laid down the rule that to entitle the defendant to a continuance, because of the absence of witnesses, he must promptly have the witnesses summoned, must ask for an attachment if they fail to appear after being summoned, must apply for a continuance before venire drawn, and set out in his affidavit the name and residence of the absent witnesses and the facts expected to be shown by them, and also what steps have been taken to secure their attendance, and must negative the idea that they are absent with defendant's consent or procurement, and give the cause of the witnesses' absence.

"If the continuance be refused, defendant must sue out the proper process, and when the case is called for trial, must again apply for a continuance, making such changes in his affidavit as the conditions then existing require. If still refused, he should persist in using the process of the court to compel the attendance of the witness on the trial, and if convicted, on the hearing of a motion for a new trial. If the appearance of the witness cannot be had, his *ex parte* affidavit must be presented to the court, if it can be obtained, on the hearing of the motion for a new trial."

This rule has been repeatedly reannounced since the decision in that case, and it is applicable here.

It is next contended by appellant that the confession was not receivable because the *corpus delicti* had not been established. We think appellant misapprehended the requirements of the rule in this case. The still was discovered. It had been operated. Some liquor was found there and large quantities of beer ready to be distilled was found there, showing the unlawful character of the still and that it had been used in the process of distilling. The confession of the defendant is admissible to connect him with the offense, when the *corpus delicti* had been proved.

It is clearly proved here that the still existed and had been operated in the neighborhood in which appellant lived, and whisky was found both at the home of appellant and at the still. This established the fact that the still was possessed by somebody, and appellant's confession was competent and sufficient to establish his connection with the still.

We think the instructions in the case presented the law fully, and there is no error in giving and refusing of such instructions.

The judgment will therefore be affirmed.

<em>Affirmed.</em>