JORDAN *v.* STATE.*

(Division A.    May 9, 1927.)

[112 So. 590.    No. 26198.]

1. CRIMINAL LAW. *Objection that search warrant was not timely served cannot be raised for first time on appeal.*

If objection that search warrant was not timely served was not specifically called to attention of lower court, it cannot be raised in supreme court for the first time on appeal.

2. SEARCHES AND SEIZURES. *Execution of search warrant on day following issuance held compliance with mandate for execution and return instanter.*

Execution of search warrant on day following the date of its issuance *held* a sufficient compliance with mandate therein that it be executed and returned *instanter*.

3. CRIMINAL LAW. *Overruling motion for continuance held not erroneous, where neither witness nor affidavit was produced on motion for new trial.*

Overruling motion for continuance for absence of witness *held* not erroneous, where neither absent witness nor his affidavit showing what he would have testified to, if present, was produced on motion for new trial, nor showing made that it was impossible to secure witness or his affidavit.   ·

---

*Corpus Juris-Cyc References: Criminal Law, 16CJ, p. 1226, n. 6; 17CJ, p. 56, n. 16; Searches and Seizures, 35Cyc, p. 1268, n. 28.

APPEAL from circuit court of Perry county.

HON. R. S. HALL, Judge.

Harvey Jordan was convicted of having in his possession intoxicating liquor, and he appeals. Affirmed.

*U. P. Parker,* for appellant.

I. The court erred in refusing to grant appellant's application for continuance after it had been shown that he had seasonably applied for process on the witness Ruben Jordan, and that said witness resided in Forrest county and was working and living in said county when defendant last saw him on August 27, practically thirty days before the date of the affidavit and the day of trial. In the affidavit it was shown and it is fully disclosed from the record, that appellant could not make the proof mentioned in the affidavit by any other witness, and it cannot be denied that such evidence in the face of the other evidence in the record would more than likely have resulted in appellant's acquittal.   ·

II. The search warrant under which appellant was arrested and searched and under which the officers claimed to have found liquor in possession of appellant was at the time of its execution *functus officio,* having been made returnable *instanter,* on April 19, 1926, but not served or executed until April 20, 1926.

The word *instanter* has a definite and well-established meaning, to-wit: immediately, forthwith, without delay. When a party is ordered to plead *instanter,* he must plead

the same day. The term is usually understood to mean within twenty-four hours. *Smith* v. *Little,* 53 Ill. App. 160; *State* v. *Clevenger,* 20 Mo. App. 627; *Fentress* v. *State,* 16 Tex. App. 83; *Champlin* v. *Champlin,* 2 Edw. Ch. Ny. 329; *State* v. *Lakely,* 65 Mo. 617; *State* v. *Steeley,* 65 Mo. 218, 27 Am. Rep. 271; 2 Bouvier's Law Dictionary, page 1605.

We call the court's especial attention to *Taylor* v. *State,* 137 Miss. 217, wherein it was held by this court that some day within a reasonable time after the issuance of the warrant must be fixed within which it is to be executed and returned and after that date the warrant cannot be executed, but becomes *functus officio.* See, also, *Goodwin* v. *State,* 107 So. 676.

*J. W. Cassedy, Jr.,* Special Agent, for the state.

I. Is a warrant issued on April 19, 1926, made returnable *instanter* but executed on April 20, 1926, void for the reason that it has become *functus officio?*

The warrant itself reads in part as follows: "That you seize same and *if practicable* bring them to me at my office on the *instanter* date of April, 1926." It may be seen from a reading of this warrant that the warrant itself gives the officer executing it a reasonable time in which to do so, and for this reason a warrant which is issued on one day and executed the next is not void when executed, because it is within a reasonable time and has not at that time become *functus officio.*

. The affidavit and warrant were made the day before the warrant was served. Then, conceding for this argument that the warrant was *functus officio* at the time it was served, it will be at least enough to show the probable cause of the officer serving the warrant to believe that the appellant did have intoxicating liquor in his automobile. Therefore, the search was reasonable; and according to the rule laid down in *Moore* v. *State,* 138 Miss. 116, 103 So. 483, the search warrant was not neces-

sary and the evidence obtained on this search is admissible.

The appellant cannot complain on this appeal that the evidence admitted in the trial court was inadmissible because it was obtained by a void search warrant on the ground that the search warrant was not timely served. He must first raise the question in the proper way and offer proof of the untimely execution of the warrant before the judge without the jury and the judge should decide the question. *Holley* v. *State* (144 Miss. 726, 111 So. 139; *McNutt* v. *State,* 108 So. 721.

In the present case where the *instanter* warrant issued on one day and executed the next day, such a lapse of time was not unreasonable and, therefore, the warrant was valid and had not become *functus officio.* 32 C. J. at page 940.

Cook, J., delivered the opinion of the court.

The appellant, Harvey Jordan, was convicted in the circuit court of Perry county on a charge of unlawfully having in his possession intoxicating liquor, and from this conviction and the sentence imposed he has prosecuted this appeal.

The evidence upon which the conviction was based was secured by means of search of appellant's automobile, under the authority of a search warrant which was issued on April 19, 1926, returnable *instanter,* and which was executed on April 20, 1926.

When the cause was called for trial in the circuit court on September 23, 1926, the appellant filed a motion for a continuance on the ground of the absence of his brother, Reuben Jordan, who was alleged to be a material witness in his behalf. This motion was supported by the affidavit of the appellant averring that, on September 15, 1926, a *subpoena* for this witness was issued to Forrest county, Miss., which had been returned "not found;" that this absent witness was living and working in that

county when the appellant last saw and heard of him on August 27, 1926; that the affiant believed the witness was still residing in that county; and that he could have the witness present at the next term of the court. The affidavit then set forth what this witness would testify if he were present, showing its materiality, and was in other respects in proper form. This motion for a continuance was overruled.

On appeal but two grounds are urged for a reversal, first, that the evidence upon which the conviction was based was inadmissible for the reason that it was secured under a search warrant which had become *functus officio* on account of the fact that it was issued on April 19, 1926, returnable *instanter,* and not executed until April 20, 1926; and second, that the court erred in overruling the motion for a continuance.

It is not very clear from this record whether the particular objection that the search warrant was not timely served was specifically called to the attention of the court below, and if it was not it cannot be raised here for the first time, but, conceding that it was raised in the court below, we think that the requirement that the warrant should be returned *instanter* only required that it should be executed and returned within a reasonable time under the circumstances of the case, and that the execution of a search warrant on the day following the date of its issuance is a sufficient compliance with the mandate that it be executed and returned *instanter.*

Upon the record now before us the action of the court below in overruling the motion for a continuance presents no reversible error. The motion shows that process for the absent witness had been returned "not found," and no additional process of the court to secure the presence of this witness was requested. Neither the witness nor his affidavit showing what he would have testified to, if present, was produced on a motion for a new trial, and there was no showing that it was impossible to secure the presence of the witness or his affidavit, and it has been

repeatedly held that it is necessary to make such a show-
ing to warrant a reversal for the overruling of a motion
for a continuance on account of the absence of a witness.
*Lamar* v. *State*, 63 Miss. 265; *Ware* v. *State*, 133 Miss.
837, 98 So. 229; *Cox* v. *State*, 138 Miss. 370, 103 So. 129;
*Osborne* v. *State* (Miss.), 111 So. 834.

The judgment of the court below will therefore be af-
firmed.

*Affirmed.*