EVERETT v. STATE.*

(Division A.    June 6, 1927.)

[113 So. 186.    No. 26415.]

1. CRIMINAL LAW.  *Overruling motion for continuance for absence of witness held not erroneous, where affidavit did not set forth testimony.*

   Overruling motion for continuance on ground of absence of witness is not erroneous, where affidavit accompanying motion did not set forth what witness would testify to if he were present.

2. CRIMINAL LAW.  *Affidavit containing testimony of absent witnesses as knowledge of threats by deceased held too vague and indefinite to require continuance.*

   Affidavit, on motion for continuance because of absence of witnesses, stating testimony that witnesses would give if present as having knowledge of threats by deceased against defendant and attempt to persuade deceased not to violate defendant's home, *held* too vague and indefinite to require continuance.

3. CRIMINAL LAW.  *Motion for new trial must show impossibility to secure witnesses or their affidavits in order to warrant reversal for overruling motion for continuance.*

   In order to make such showing as to warrant reversal for overruling of motion for continuance on account of absence of witnesses, it is necessary to show on motion for new trial that it was impossible to then secure presence of witnesses or their affidavits.

4. HOMICIDE. . *Defendant cannot complain of manslaughter instruction
    in murder trial, where evidence would sustain conviction for
    murder.*
    Defendant in murder prosecution cannot complain of the giving of
    . a manslaughter instruction, where evidence would sustain con-
    viction for murder, though there may be no elements of man-
    slaughter involved in evidence.

---

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 499, n. 56;
p. 501, n. 88, 89; p. 503, n. 6; p. 1139, n. 42; Homicide, 30CJ, p. 444,
n. 17; p. 445, n. 31.

APPEAL from circuit court of Quitman county.

HON. W. A. ALCORN, JR., Judge.

M. L. Everett was convicted of manslaughter, and he
appeals. Affirmed.

*Boone & Lowrey,* for appellant.

I. In support of the argument that a continuance
should have been granted, appellant cites: *Scott* v.
*State,* 31 So. 710; *Watson* v. *State,* 33 So. 491; *Caldwell*
v. *State,* 37 So. 816; *Hill* v. *State,* 17 So. 375; *Johnson* v.
*State,* 72 So. 239; *Walker* v. *State,* 92 So. 580.

II. We have also assigned as error the granting of a
manslaughter instruction by the trial court and while
we concede that this court has held in recent decisions
that a defendant on trial for murder cannot complain
of the granting of such instruction, upon the theory that
he is benefited thereby and in no way prejudiced by the
granting of such instruction, we believe that circum-
stances alter cases and that if the rule of the court as an-
nounced in *Calicoat* v. *State,* 95 So. 318, be strictly ad-
hered to, great injustice will be done in many instances.

While we recognize the logic of the theory expressed
by the court in the Calicoat case and admit its soundness,
under certain conditions, we realize that this theory
makes no allowance for the faults and foibles of the men

comprising the juries of our state, nor does it take into consideration the inclination of the average juror to compromise rather than face a long deliberation and a possible mistrial of a cause.

*Rufus Creekmore,* Special Assistant Attorney-General, for the state.

I. The application for a continuance was properly refused. The facts to which these witnesses would testify as set forth in this application are very vague and indefinite. So far as the record shows there was no effort whatsoever to obtain the attendance of Mr. and Mrs. Doubleday, Mr. Red Waters or of Mr. Claude Nichols. Assuming, therefore, that the defendant had used the greatest possible diligence to secure the attendance of the absent witnesses and had failed, yet he would not be entitled to a continuance because this testimony could have been supplied by other witnesses who were present at the Doubleday's home on the occasion referred to and who had the same opportunity to hear the threats and to testify to them on the trial of the case.

The defendant certainly must fail in his application because of the fact that he has not exercised that degree of diligence which is required of him in obtaining the presence of the absent witnesses. The rule prescribing the degree of diligence required of the defendant in such cases as this was first laid down by the court in *Lamar* v. *State,* 63 Miss. 265, and has been consistently followed since that time. See, also, *Weir* v. *State,* 133 Miss. 837, and *Cox* v. *State,* 138 Miss. 370, 103 So. 129.

II. We can see no difference between the facts in this case and the facts in numerous other murder cases where manslaughter instructions were requested and manslaughter verdicts returned by the jury, so we will not consume the time of the court with a discussion of this proposition. *Alexander* v. *State,* 110 So. 367.

Argued orally by *M. P. Lowrey,* for appellant, and *Rufus Creekmore,* Assistant Attorney-General, for the State.

COOK, J., delivered the opinion of the court.

At the August, 1925, term of the circuit court of Quitman county, the appellant, M. L. Everett, was indicted on a charge of murder, and was convicted of manslaughter, and sentenced to serve a term of ten years in the state penitentiary, and from this conviction and sentence this appeal was prosecuted.

The only grounds for a reversal of the judgment of the court below which are argued by counsel are that the court erred, first, in overruling a motion for a continuance; and, second, in granting the state an instruction submitting to the jury the issue of manslaughter. The evidence in this record would support a verdict of guilty of murder, but, in order to dispose of the two assignments of error, it will be unnecessary to here detail the evidence.

The motion for a continuance was based upon the absence of four witnesses for the defendant, and for whom process had been issued. One of these witnesses, Mrs. Red Waters, appeared and testified at the trial. The affidavit accompanying the motion for a continuance did not set forth what the witness, Roy Jones, would testify to if he were present, and, consequently, no error was committed in overruling the motion in so far as it is based upon the absence of this witness, and we do not understand counsel to so contend. Counsel bases this assignment solely upon the ground that the continuance should have been granted on account of the absence of Mr. and Mrs. Arthur Woods.

These two witnesses resided in Attala county, and were served with process, and, on the hearing of the motion for a continuance, a certificate of a physician was offered to the effect that Mrs. Woods would be unable to

attend court during the term on account of having recently given birth to a child, and that she needed the constant attention of her husband. The affidavit set forth what these witnesses would testify to, if present, in the following general language:

"That they personally know of the acts committed by the deceased, things said by him that brought on the altercation, that his daughter, over which the trouble arose, was taken by the said deceased from the home of the said witnesses, and the facts and circumstances surrounding the taking and takings said and done, including threats of said deceased against the defendant by the deceased in taking the minor child of fourteen years from the said home of the said witnesses, can be proved and testified to only by the two absent witnesses, and that the said witnesses further tried to persuade the said deceased not to carry out his purpose and design in violating the home of the said defendant, and the reply and threats made by the said deceased which was communicated to the said defendant can only be testified to by the said absent witnesses."

This motion was heard and overruled by the court on the 20th day of September, 1926, and, when the cause came on for trial on the 24th day of September, 1926, the motion was renewed on account of the absence of Mrs. Woods only, and this was, in effect, a waiver of the motion so far as it was based upon the absence of the witness Arthur Woods.

We think, however, that this motion for a continuance was properly overruled for two reasons. In the first place, the facts to which the witnesses Mr. and Mrs. Arthur Woods would testify, if present, as set forth in the application for a continuance, are entirely too vague and indefinite to require a continuance of the cause. In the second place, neither the witnesses nor their affidavits showing what they would testify to if present were produced on the motion for a new trial, and there was no showing that it was impossible to then secure the pres-

ence of these witnesses or their affidavits, and it has been repeatedly held that it is necessary to make such a showing to warrant a reversal for the overruling of a motion for a continuance on account of the absence of a witness. *Lamar* v. *State*, 63 Miss. 265; *Ware* v. *State*, 133 Miss. 837, 98 So. 229; *Cox* v. *State*, 138 Miss. 370, 103 So. 129; *Osborne* v. *State*, 146 Miss. 718, 111 So. 834; *Jordan* v. *State*, 147 Miss. —, 112 So. 590.

The doctrine that a defendant cannot complain of the giving of a manslaughter instruction on a trial for murder, where the evidence would sustain a verdict of guilty of murder, although there may be no elements of manslaughter involved in the evidence, is too well established in this state to require further discussion thereof or the citation of authority. *Huston* v. *State*, 105 Miss. 414, 62 So. 421; *Calicoat and Strickland* v. *State*, 131 Miss. 169, 95 So. 318; *Stevenson* v. *State*, 136 Miss. 22, 100 So. 525; *White* v. *State*, 142 Miss. 484, 107 So. 755; *Alexander* v. *State*, 145 Miss. 675, 110 So. 367; *Byzer Barnett* v. *State*, 146 Miss. 893, 112 So. 586.

The judgment of the court below will therefore be affirmed.

*Affirmed.*