TATUM *et al. v.* STATE.

(Division B.   Dec. 3, 1934.)

[157 So. 892.   No. 31486.]

**Breed O. Mounger**, of Tylertown, for appellants.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellants were convicted of grand larceny by the circuit court of Walthall county, and sentenced to serve one and two years in the state penitentiary, respectively, from which this appeal is prosecuted. The theft occurred at night from the home of Fred Quin. The appellants were at Fred Quin's early in the evening, took supper there, and shortly after supper left the house. The following morning Quin found his back door open, his pants and shirt on the steps, and that forty-one dollars and thirty cents and a watch valued at from ten dollars to fifteen dollars had been taken. Officers were communicated with and they instituted an investigation. They found tracks leading from Quin's home through a pasture and field to the road, and thence to the house where the appellants lived. The officers noticed a peculiarity in one of the tracks, and at the home of the appellants they found shoes which corresponded precisely with the peculiar tracks. They discussed the matter with the appellants, who finally admitted that they took the money and watch. According to the claim of one of the appellants, Fred Quin had given them the money which they alleged was due them, and that Allie Quin, wife of Fred Quin, was planning to elope with another man and had given them the watch to give to this man.

The sheriff, who had the appellants in custody, testified that they made a straight confession to him, stating that they were at Quin's home; that one of them left the back door unlatched; that they went down the road, and when they thought Quin was asleep, they returned to his house, entered through the unlatched door, and took the money.

The appellants took the stand and testified that Allie Quin, the wife of Fred Quin, gave them the money and watch and instructed them to keep the money for her, and to give the watch to the man named in the record, and that she intended to elope with this man, and that they (appellants) did not intend to steal the watch and money.

On the trial of this case, both the state and the appellants requested instructions; that for the state embodying the theory that for a wife to steal from her husband would be larceny, and that for the appellants being to the effect that if the jury believed that the wife of Fred Quin gave the appellants the watch and money, they would not be guilty of the crime. The court refused both instructions.

After the conviction, the appellants filed a motion for a new trial, setting forth that they were guilty of no criminal intent in the offense charged, because the property of which they were accused of stealing was given to them by Allie Quin, the wife of Fred Quin, and that they did not know that the property was other than the property of the person from whom they received it; that process had been issued for Allie Quin, and returned "not found." The motion also alleged that Allie Quin was then present in court, ready and willing to exonerate them.

It does not appear from the record that any testimony was offered on this motion, nor was the affidavit of Allie Quin attached to the motion, setting forth what her testimony would be should the motion be sustained. This is required. Lamar v. State, 63 Miss. 265; Osborne v. State, 146 Miss. 718, 111 So. 834. The record shows the notation

"overruled" on the motion, but no order appears on the minutes overruling it, nor is there any testimony thereon. The motion was at issue and it devolved upon the movant to sustain it.

The appellants contend that it is not a crime, under the law, for a wife to steal from her husband, and if their testimony was accepted, the appellants would not be guilty of the crime.

It is not necessary, however, to decide whether it is a crime for a wife to steal from her husband, for, if the aplants assisted in the theft of the money from Fred Quin, they would become principals and not accessories under section 769, Code 1930, which provides that every person who shall be an accessory to any felony before the fact shall be considered a principal and be punished as such, whether the principal has been previously convicted or not. Whatever may be the result of a wife taking the personal property of her husband, the appellants here are not entitled to that protection, because, under the testimony, they participated in the theft and are, therefore, principals. It would be a crime, and that crime would be larceny, for them to assist another person in the theft of property, although such other person might not be responsible for same, as in the case of children under seven years of age, insane persons, and, perhaps, others.

We find no reversible error, and the judgment will be affirmed.

Affirmed.