VAUGHN *v.* STATE.*

(Division B.   June 4, 1928.)

[117 So. 353.   No. 27006.]

52

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 867, n. 26; p. 1232, n. 95.

*W. P. Stribling, B. A. Lincoln* and *Geo. T.* and *Chas. S. Mitchell,* for appellant.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

ANDERSON, J. Appellant was indicted and convicted in the circuit court of Lowndes county of the murder of Rod Loftis, and sentenced to the penitentiary for life. From that judgment he prosecutes this appeal.

Previous to the homicide, appellant and the deceased had a difficulty, in which the deceased was cut with a knife by appellant, and appellant was seriously injured by a gunshot at the hands of the deceased. Between the time of this difficulty and the killing of deceased by appellant, the former made numerous threats against the life of appellant, which threats were communicated to appellant. Mutual friends had undertaken to settle their differences, but had failed.

On the 2d of August, 1927, the day of the homicide, a primary election was being held at Perkins' store in Lowndes county. Numbers of people were going to and from the store during the day. Appellant came up to the voting place in an automobile. He parked his car on the side of the road, and remained in it for some twenty-

five or thirty minutes. The deceased came to the voting place in a truck; his wife and two men being in the truck with him. He parked the truck across the road from where appellant had parked his car. He and the others with him got out of the truck and started across the road toward the voting place, when appellant, from his car, shot the deceased with a shotgun loaded with buckshot, causing his death. The deceased was immediately taken to a hospital, and died five or six hours later from the effects of the wounds.

According to the evidence for the state, when the deceased was shot he was making no demonstration whatever toward the appellant, but was in the act of shaking hands with one Kline; while the evidence on behalf of the appellant tended to show that, when the deceased was shot, he was making a movement as if to draw a weapon.

Appellant assigns and argues as error the action of the court in refusing to continue the case upon the ground of the absence of his wife, who was sick and unable to attend that term of the court. Appellant's affidavit for the continuance showed that his wife was a material witness in his behalf; however, if she had been present and had testified to the facts set out in the affidavit, such testimony would have been largely cumulative, because other witnesses, introduced on behalf of appellant, testified in part, at least, to substantially the same effect. The refusal of the court to continue the case on that ground was made one of the grounds of appellant's motion for a new trial, which was overruled by the court. On the hearing of the motion for a new trial, appellant neither offered his wife, nor an affidavit from her, to show what her testimony would have been, although the record discloses that such an affidavit could have been procured. In the case of *Ware* v. *State,* 133 Miss. 837, 98 So. 229, the court, in passing on a like question said:

"No affidavit by the wife was tendered, either during the trial or on the motion for a new trial; neither was her testimony taken before the court on the motion for a new trial, in accordance with the practice announced in *Lamar* v. *State,* 63 Miss. 265."

And for that reason the court held that it was not error to refuse the continuance.

The action of the court in permitting the state witness Bailey to testify, in rebuttal, that in June, 1927, he saw a pistol and shotgun in appellant's car, and witness Goolsby to testify that appellant told him he would not drop the difficulty, is assigned and argued as error, upon the ground that it was offered in rebuttal, when it was direct testimony and should have been offered as such. Appellant contends that under the authority of *Flowers* v. *State,* 85 Miss. 591, 37 So. 814, the admission of such testimony was erroneous and harmful to him. The testimony on behalf of appellant showed that, some time prior to the homicide, he and the deceased had a difficulty in which both of them were wounded, and that between the time of that difficulty and the homicide the deceased had made threats against appellant's life, which threats were communicated to appellant, and that the deceased habitually carried a gun for the purpose of carrying out such threats. Appellant testified, in his own behalf, that these threats had been made known to him, and that he carried a shotgun, and sometimes a pistol, for the purpose of defending himself against any attack which the deceased might make on him; that there had been some negotiations between the mutual friends of the parties with a view of settling their differences, and that appellant had agreed "to let the court settle it," and had attempted, but failed, to have deceased indicted for shooting him. On cross-examination, appellant was asked if he had a shotgun in his car some time during the month of June, prior to the homicide, at Fuqua's Store in Columbus; and that, if he had a gun, if he did

not have it for the purpose of killing the deceased. He denied this. Over the objection of appellant, the state proved by the witness Bailey that appellant did have a shotgun at that time and place. The witness Goolsby, who was sheriff of the county, testified that he had gone to the appellant for the purpose of getting a settlement between him and the deceased, and that, on his first visit, appellant asked for time to consider the matter, and later told him that he would not drop the matter. We think this testimony was properly admitted as rebuttal testimony. It was for the purpose of contradicting the statements made by appellant on his cross-examination, and was material.

We see no reversible error in this case. The judgment is affirmed.

*Affirmed.*