## WELLS *v.* STATE.[*]

(Division B.   Nov. 5, 1928.)

[118 So. 609.   No. 27199.]

---

*Corpus Juris-Cyc. References:  Criminal Law, 16CJ, section 921, p. 502, n. 90.

*Currie & Currie,* for appellant.

*James W. Cassedy, Jr.,* Assistant Attorney-General, for the state.

Argued orally by *N. G. Currie,* for appellant and *James W. Cassedy, Jr.,* Assistant Attorney-General, for the state.

ANDERSON, J. Appellant was indicted and convicted in the circuit court of 'Perry county of the crime of the unlawful sale of intoxicating liquor, and fined five hundred dollars, and sentenced to ninety days' imprisonment in the county, jail. From that judgment appellant prosecutes this appeal.

The only question in the case is whether the refusal of the trial court to grant appellant a continuance on account of the absence of two material witnesses, his mother and sister, who were alleged to be sick and unable to attend the trial, is reversible error.

Both of the witnesses had been subpœnaed and were within the jurisdiction of the court. Appellant's application for a continuance showed that they were material witnesses in his behalf. No affidavit was produced

from either witness showing what her testimony would be, nor was there any showing on the part of the appellant that such affidavits could not have been obtained. After the verdict and judgment of guilty, appellant prosecuted this appeal without having made a motion for a new trial. In *Vaughn* v. *State* (Miss.), 117 So. 353, *Ware* v. *State,* 133 Miss. 837, 98 So. 229, and *Lamar* v. *State,* 63 Miss. 265, it was held that on the hearing of a motion for a new trial, on the ground of the absence of material witnesses, the defendant was required to either offer the witnesses or an affidavit from them showing the materiality of their testimony. Appellant takes the position, however, that those decisions are not controlling here, for the reason no motion for a new trial was made. Where a defendant chooses not to make a motion for a new trial, he should present, with his application for a continuance, an affidavit of the absent witness showing the materiality of his testimony, along with sufficient evidence showing the inability of the witness to attend the trial. There is nothing in the record in this case showing that such an affidavit could not have been procured by the appellant and presented to the court with his application for a continuance.

*Affirmed.*