HOLT *v.* STATE.

(Division B. Oct. 30, 1939.)

[191 So. 673. No. 33664.]

John D. Greene, Jr., of Starkville, and Rush H. Knox, of Jackson, for appellant.

728

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

**Ethridge, P. J.,** delivered the opinion of the court.

Jack Holt, Ira Roberts and John Sharp Ware were indicted in the Circuit Court of Oktibbeha County, Mississippi, on a charge that on the 17th day of October, 1938, they did then and there unlawfully and feloniously, take, steal and carry away, the sum of $1,500 in good and legal money of the United States of America, same being the personal property of W. E. McClain, contrary to the form of the statute in such cases made and provided and against the decency and dignity of the State of Mississippi.

There was a severance and each of the defendants were tried separately. Jack Holt was convicted and sentenced to serve a term of five years in the state penitentiary. It appears from the evidence that Holt and another went to the home where W. E. McClain lived, and induced him to go to Sharkville, Mississippi, representing to him that three other persons (two of whom were indicted, and none of them using their names but names of other persons, or fictitious names) who were in a hotel in Starkville could take a $1 bill and a $5 bill, by a chemical process and a certain machine which they had, and make two $5 bills, and likewise, they could take a $10 bill and a $1 bill and make two $10 bills, and with a $20 bill and a $1 bill, they could make two $20 bills. There in the hotel in Starkville, they demonstrated to McClain the operation by which it was done, or claimed to be done, and it appeared to McClain that it would in fact change a $1 bill in appearance to a $5 bill, and another to a $10 bill and still another to a $20 bill. They also represented to him, according to the evidence, that they could only

use one bill one time in such process and that no person, not even a bank, could detect the bill, so changed, from a genuine bill. McClain testified that it appeared to him to be the same as a genuine bill, and that he could not detect the difference.

After negotiations, in which they had offered McClain various sums for the use of money which he had, finally offering $750 for the use of $1,500 he had in a bank at Columbus, Mississippi, McClain agreed to go to Columbus, withdraw his money and let them use it in such a process, they agreeing that his money would be returned, and that in addition to returning his own money, they would give him $750 in genuine money and that the money would not be taken out of his presence during the process. McClain lured, by the prospect of easy money, agreed to this, went to Columbus in company with one of the parties, and there withdrew from the bank $1,500 in bills of various denominations and returned to Starkville.

McClain and two of the parties stayed in the same room, and on the following morning, the parties, who stayed in the room with him, proceeded with the process by which they claimed they would make the money, taking McClain's $1,500, and claiming to put it in the machine, after treating the bills and certain paper with a chemical solution. McClain believed that the money was in the machine. They told him that it would require about two hours time to make the money; and, upon leaving, told him they would return within that time with $750 geniune money, and that his money was there in the machine. They went away leaving McClain in the hotel room with the machine alleged to contain the money, but they failed to return, and after waiting approximately twenty-four hours, McClain decided that he had been duped and went to a nearby shop, procured some pliers and unscrewed the machine, and found that there was no money therein. Whereupon, he reported the matter, and the various parties indicted were arrested and returned to Oktibbeha County.

Holt was not in the room during the money-changing process, and did not personally take the money from McClain; but, McClain testified that Holt was one of the parties who went to his place, and used flowery terms to induce him to go into it; also, on the night before, Holt called him off to a place near the hotel and talked with him, representing that the other parties were partners of his, that they were all right, and that he would be foolish if he did not accept the proposition which had been offered as he, Holt, thought it was a very liberal one. McClain further testified that Holt urged him to get more money if he could. The testimony of McClain as to the representations made to him by Roberts and Ware is without dispute; but Holt disputed the representations attributed to him by McClain.

The appellant requested an instruction to the following effect: "The court charges the jury if the money was openly taken in the presence of the owner, W. E. McClain, that of itself is only evidence of trespass," which instruction was refused. We think the instruction was properly refused, because there is no evidence to show that the money was taken openly in the presence of McClain, but the money was taken clandestinely, without the knowledge of McClain that it was being taken, and on the representation that the money was there in the machine at the time when the parties left the room with his money. Consequently, the case of Lawson v. State, 161 Miss. 719, 138 So. 361, and cases cited in that opinion are not applicable.

There are no errors in the other instructions, or in the rulings of the court. The evidence is ample to sustain the conviction. McClain was corroborated in many particulars by other witnesses, but it is not necessary that his evidence be corroborated, as the testimnoy of a single witness when not impeached or not unreasonable within itself, is sufficient to sustain conviction. This case is another verification of the adage "that crime does not pay," and it also reflects the admonition that the lure of

easy money should not induce one to participate in the commission of crime. The appellant received five years at hard labor for his share in the transaction, and the prosecuting witness lost $1,500 for his participation and gullibility.

The judgment of the court is affirmed.

Affirmed.