HENDERSON *v.* STATE.

(Division B. Dec. 11, 1939.)

[192 So. 495. No. 33930.]

Lee T. Woodruff, of Batesville, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

**Ethridge, P. J.,** delivered the opinion of the court.

This is an appeal from the Circuit Court of the 2nd Judicial District of Panola County, Mississippi, wherein the appellant was indicted, tried, and convicted of grand larceny, and sentenced to a term of four years in the state penitentiary.

The appellant made a motion for a continuance on the ground of absent witness who was sick at the time the case was called for trial, and whose testimony was set forth in a motion for a continuance and supported by proof of the illness of the absent witness. The application for a continuance was overruled, and the overruling of the continuance is assigned as error.

The principal evidence against the appellant was given

by Roosevelt Cathey, an ignorant Negro man, who testified that he and the appellant stole three head of cattle described in the indictment. There was ample proof that the cattle were stolen, as well as the value of the cattle. The accused introduced evidence that when the theft was being investigated, Cathey made a statement contrary to his testimony given at the trial. When first approached by the owners of the missing cattle, Henderson, the appellant, stated that he had hauled the cattle to Memphis for Roosevelt Cathey. Later, at the trial, he testified that he had bought the cattle from Roosevelt Cathey. Two of the witnesses produced for the appellant testified that during the day preceding the night in which the cattle were stolen, he had worked all day some five or six miles from the place where the cattle were stolen. The prosecuting witness, Roosevelt Cathey, testified that the cattle were stolen early in the evening of the day in which these other witnesses worked with the appellant. Two witnesses testified that on the following morning after they had worked with the appellant that they saw Cathey leading one of the cattle toward his home, and that Cathey stated to them that he had bought the cow for $11 from a party who lived near his father-in-law several miles away. The appellant testified, and introduced a witness who testified, that on Sunday preceding the carrying of the cattle to Memphis that Cathey came to his house to get him to haul the cattle to Memphis; and, also, that Cathey owned eight or ten head of cattle. The witness testified that he went to the home of the appellant on that Sunday to procure transportation to Memphis, that he had stated to him that he did not know that he would go until after Christmas, and that when he started to leave, Cathey approached Henderson and asked him if he would take some cattle to Memphis for him; he was called back, and arrangements were made to haul the cattle, as well as take him to Memphis. It also appeared from the evidence that the cattle were

taken from the lot of Cathey on the morning they were carried to Memphis.

It is also shown that during the investigation, Cathey first stated to the owner of the cattle and the deputy sheriff that he alone stole the cattle; and that he had hired appellant to carry them to Memphis for him, and that he went along with him, appellant sold the cattle and gave him $42. Cathey testified that after the cattle were stolen by him and appellant, that he went to Memphis with him on the truck; and the appellant sold the cattle and gave him $42 as his share. It was shown that one of the cattle was worth $35 and the other two were worth $30 each.

The testimony of a single witness whose testimony is not unreasonable on its face, and whose credibility is not successfully impeached, will sustain a conviction although there may be more than one witness testifying in opposition to such witness. It is therefore probable that the testimony of the absent witness would have been influential and have changed the verdict had he been present in court, but the appellant neglected to comply with the rule with reference to absent witnesses,— in securing their attendance if possible, and if not, following up the trial, on a motion for a new trial, either with their affidavits showing what they would have testified had they been present or have the witnesses introduced, as announced in Lamar v. State, 63 Miss. 265; Ivey v. State, 154 Miss. 60, 119 So. 507; Cox v. State, 138 Miss. 370, 103 So. 129; and other cases cited under the second syllabus of Lamar v. State, supra, in the West Publishing Company reprint of Mississippi Reports. See, also, Mississippi Digest Annotated, Criminal Law, 594.

This rule is reasonable, easily complied with, and promotes proper practice for securing justice, and avoiding delay in criminal and other trials. Every trial lawyer should familiarize himself with these requirements and comply with them in cases where these rules are applicable. We are unable to reverse the case, for the reason

that the proper showing was not made on the motion for a new trial.

It is argued as a ground for reversal that the verdict of the jury is against the preponderance of the evidence, or the great weight of the evidence. The credibility of the witnesses and the weight of the evidence is solely for the jury, unless the evidence against the verdict is so strong and the evidence sustaining the verdict so weak as to be unreasonable to the extent of indicating passion, prejudice or bias.

After full and careful consideration of the evidence in the case, we cannot say that it indicates that the jury were unfair, prejudiced or corrupt in their finding. The trial judge approved the verdict and conviction, and he had an opportunity to see the witnesses and hear their testimony, also observe their demeanor while on the witness stand. The appearance and demeanor of witnesses have great weight in determining whether they are fair, truthful and impartial or not.

Judgment of the court below is affirmed.