SISTRUNK *et al. v.* STATE.

(In Banc. Oct. 14, 1946.)

[27 So. (2d) 606. No. 36240.]

438

Paul G. Swartzfager and L. B. Melvin, both of Laurel, for appellants.

**Greek L. Rice,** Attorney General, by **R. O. Arrington,** Assistant Attorney General, for appellee.

**L. A. Smith, Sr., J.,** delivered the opinion of the court.

Appellants were convicted of robbery in the circuit court of the second district of Jones County, Mississippi, sentenced to the penitentiary for a term of ten years each, and both appealed. They assign as errors, overruling by the trial court of a motion for continuance; refusal to exclude the State's testimony at its end, as not establishing the corpus delicti; and overruling motion for a peremptory instruction of acquittal at the end of all of the testimony. They also complain that the verdict of the jury was contrary to the law and the evidence.

When appellants were arrested, there were some other men with them, who had also been at the scene of the robbery when committed. They were indicted with appellants; but obtained a severance. One of them had on his person, at the time of arrest, three hundred and fifty-three dollars in currency, containing some larger bills than in the approximately one hundred and ninety dollars taken from the victim, Sergeant Mullinax. Appellants summoned as witnesses certain officials of a bank to prove that the money was paid this person by the bank before the crime. They did not appear, and an attachment was issued and served on them, and still they did not appear, because of illness. The State admitted that if the witnesses were present in court they would testify to the facts set out in the affidavit for continuance. Section 2522, Code 1942. Compulsory process, as stated, did not and could not obtain the presence of the absent witnesses. Under such circumstances, the trial court overruled the motion for a continuance, in its order saying:

"In view of the facts developed in the testimony in this hearing, and the fact that the court has used every diligence it had to get the defendant's witnesses here, and in view of the further fact that the State has agreed to admit that the two absent witnesses will testify to having cashed the checks for these other defendants in Philadelphia, the court overrules the motion for continuance and orders that the case be tried." (This was Philadelphia, Mississippi.)

Section 1520, Code 1942, dealing with affidavits for continuance, concludes as follows: "A denial of the continuance shall not be ground for reversal unless the Supreme Court shall be satisfied that injustice resulted therefrom." Of this, we are not satisfied.

Furthermore, when the motion for a new trial was filed and heard by the trial court, appellants failed to show compliance with the rule as to procuring attendance of absent witnesses, where possible or the affidavits of the absent witnesses setting out their evidence, or explanation of their failure or omission to do so, as laid down in such cases as Lamar v. State, 63 Miss. 265; Cox v. State, 138 Miss. 370, 103 So. 129; Ivey v. State, 154 Miss. 60, 119 So. 507; Coward v. State, 158 Miss. 705, 131 So. 254; Henderson v. State, 187 Miss. 166, 192 So. 495; and others. This assignment of error is, therefore, overruled.

The victim of the robbery was an eighteen year old soldier, Sgt. Mullinax, on furlough from Keesler Field, Mississippi. He was on the way to his home in Gaffney, S. C., and had reached Hattiesburg, Mississippi, about nine o'clock at night, traveling by bus. According to the State's evidence, he had something less than $200 on his person when he was approached at the bus station by appellant Sistrunk, who asked him his destination and upon learning that he was on his way to Gaffney, South Carolina, his home, appellant Sistrunk informed him that he was going through his home town and would be glad to give him a lift if he would bear the expense of the gas

and oil. To this, Sgt. Mullinax agreed, and entered the car with seven other men, including the appellants. On the pretext of raising some money to purchase whiskey, the victim was induced to leave the car at a point on the highway and was called to the rear of the car. There, appellant Sistrunk ordered him to raise his hands, and appellant May held a rifle at ready, which was offered and identified in the evidence at the trial. In this situation, appellant Sistrunk took the money of Sgt. Mullinax out of his overcoat pocket and ordered him to take up his barracks bag. This he did, and after going a short distance was given a ride. He informed the people, with whom he caught this latter ride, of the circumstances, and then was put in motion the pursuit, capture, trial and conviction of these two appellants.

There is considerable harmony in the testimony of the victim, appellants, and the other men jointly indicted but granted a severance, up to the actual point of the robbery, but also material conflict. Appellants offered witnesses who testified that Sgt. Mullinax approached them at Hattiesburg, and was given permission to enter the car with the other four men and ride to Meridian. The appellants offered testimony that Sgt. Mullinax, after leaving Hattiesburg and on the road to Jackson, upon learning that he was not being carried through Meridian, which would have been the route to be taken to Gaffney, demanded to be put out, which was done, they said. They denied the robbery, and claimed that the soldier became angry because of being carried toward Jackson instead of Meridian and his leaving the car was due to the facts just stated. They furthermore claim that the victim was not corroborated, but as to this we find from the record certain corroborating testimony from the owner of the rifle used in the robbery, from a deputy sheriff who stated that the victim identified appellant Sistrunk among the men present at the time of the arrest that night, and by a highway patrolman who testified that the soldier identified both appellants May and Sistrunk

at the time. A defense witness, James Pierce, another of those present at the time of the robbery, jointly indicted but granted a severance, was contradicted by an officer as a witness for the State who testified that Pierce stated to him that appellants robbed Sgt. Mullinax.

The argument is made that before this conviction can be sustained, there must be more than the foregoing corroboration of the prosecuting witness, Sgt. Mullinax. In fact, appellants deny there was corroboration at all, and by way of argument on the law, appellants cite Section 2360 of the Code of 1942, requiring corroborating testimony before conviction for violation of the age of consent law. That is a special statutory enactment limited to that offense and has no application here.

If we concede for the sake of discussion only that there was no corroboration of the prosecuting witness, there is no law prohibiting a jury from convicting a person charged with crime on the testimony of a single unimpeached witness whose testimony is not inherently unreasonable. If a jury believe a defendant to be guilty beyond a reasonable doubt from the evidence, they should convict. In the case of Holt v. State, 186 Miss. 727, 191 So. 673, 675, a larceny case, we said: ". . . it is not necessary that his evidence be corroborated, as the testimony of a single witness when not impeached or not unreasonable within itself, is sufficient to sustain conviction." In the case of Henderson v. State, 187 Miss. 166, 192 So. 495, 496, we said: "The testimony of a single witness whose testimony is not unreasonable on its face, and whose credibility is not successfully impeached, will sustain a conviction although there may be more than one witness testifying in opposition to such witness." In the same opinion, we reannounced the rule, so often stated, that "The credibility of the witnesses and the weight of the evidence is solely for the jury, unless the evidence against the verdict is so strong and the evidence sustaining the verdict so weak as to be unreasonable to the extent of indicating passion, prejudice or bias." We see nothing

in the authorities cited by appellants in conflict with the views of the authorities from which we have quoted, supra. For instance, appellants cite Spears v. State, 92 Miss. 613, 46 So. 166, 16 L. R. A. (N. S.) 285, where it was said: "The 'corpus delicti' in a case of arson consists not only in the proof of the burning of the house or other thing burnt, but of criminal agency in causing the burning." These authorities are not challenged by Byrd v. City of Hazlehurst, 101 Miss. 57, 57 So. 360, where the unquestionable declaration was made that a conviction cannot be predicated upon suspicion; and King v. State, 74 Miss. 576, 21 So. 235, where it was again reiterated that the guilt of the accused must be proved beyond a reasonable doubt. These decisions announce the law, too, but not in conflict with the cases discussing the single witness rule, supra.

We have carefully considered the record and the argument of counsel, and have concluded that we would not be justified in reversing the judgment of the trial court. Therefore, the case is affirmed.

Affirmed.

**Sydney Smith, C. J.,** did not participate in this opinion.