PARRISH *v.* STATE.

No. 41189 June 8, 1959 112 So. 2d 548

*D. Knox White,* Gulfport, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

LEE, J.

Elvin Parrish was jointly indicted with two others, Walter F. Harris and Marvin Jack Anderson, for the

crime of robbery. At the conclusion of the evidence, the court sustained a peremptory instruction and discharged the co-indictees. The guilt or innocence of Parrish was submitted to the jury, which found him guilty as charged; and from a judgment, sentencing him to seven years in the penitentiary, he appealed.

The victim of the alleged robbery was L. J. Peterson, who had lived in Hancock County all of his life and had never been convicted of any crime. He was thirty-eight years of age, single, had served one and a half years as an infantryman in World War II, and had been retired from Civil Service on account of his health. About 10:30 o'clock on the night of July 17, 1958, he went to the Hambone Club, operated by Dan Seals, a long-time acquaintance, where he ordered a bottle of beer, sat down at a table near the band stand, and was listening to the music. After about ten minutes, according to Peterson's version, Parrish came over to the table and asked him to help fix a tire. Peterson did not know the man but "looked at him and * * * thought he was a good fellow, and * * * walked on out." As they went out the door, Parrish dropped slightly behind. When they had gone only about ten yards from the door, Parrish struck Peterson, put his hand in his pocket, told him that he was going to take his billfold, and dared him to get up and tell anyone. Parrish, as Peterson was getting up, struck him again, and as the result of a third blow, he "passed out." Peterson testified that in his billfold, which he carried in his pocket on the right side, he had two $20 bills, one $10 and three $5's, a total of $65, which was the balance of his monthly pension of $113; and that when he got back in the club, his money and billfold had disappeared. He did not know either Walter F. Harris or Marvin Jack Anderson, or whether they were present at the time of the assault.

Mr. and Mrs. Seals saw Peterson when he came into the club, and Mrs. Seals served him. Shortly thereafter

they both observed Parrish, Harris and Anderson as they came in together. In a few minutes they saw the three men and Peterson all going out of the door together. In about seven or eight minutes, Peterson, badly beaten up, with his face and clothing bloody, came back and went to the rest room where he told Mr. Seals "they took my billfold and my money." The three men, who left with Peterson did not return to his club.

Sometime after 12 o'clock that night when Parrish and Harris were arrested, although no analysis was made, the officers saw what they took to be bloodstains on the upper portion of the shirt which Parrish was wearing and on the sleeve of Harris' shirt, but they did not find either the billfold or the money. Anderson had about $16 which he satisfactorily accounted for.

Parrish testified that he had been with Harris, his cousin, and Jack Anderson for sometime that night, and admitted that all of them went to the Hambone Club. His version, however, was altogether different. He said that, as he was in the rest room, Peterson approached him and asked if he would like to make $5. When he inquired how, Peterson told him to go around to the back of the building. The two then walked around to the back, about seventy-five or one hundred yards from the front door, in a wooded section, where Peterson made a homosexual attempt on him, grabbing him by his private part and bidding him to do likewise. At that juncture he struck Peterson several times, cutting his hand while doing so, which would account for blood on his shirt. He denied that he got the billfold or the money, or that Harris and Anderson went out of the club with him and Peterson, or that they had anything to do with the assault. Both Harris and Anderson testified that they knew nothing about the matter; and that they were sitting in the car when Parrish came up and told them that he had had a fight with a man.

██ Parrish admitted that he had been convicted of grand larceny, three times for being drunk, once for vagrancy, and perhaps for fighting. Harris admitted that he had been convicted of fighting, disorderly conduct, assault and battery, and twice for petit larceny. Anderson admitted that he had been convicted several times for disorderly conduct, assault and battery with intent to rob, assault and battery, several times for vagrancy, resisting arrest, and for escaping jail. The jury had the right to take into consideration the admitted convictions of these witnesses by way of impeachment of their statements. Section 1692, Code of 1942, Recompiled.

In rebuttal, Peterson positively and emphatically denied the version which Parrish gave as the reason for the assault.

The appellant contends that the verdict was contrary to the overwhelming weight of the evidence; that the testimony of Peterson was unreasonable, contradictory and insufficient to support a verdict of guilty; and that the court erred in denying his motion for a new trial.

 But Mr. and Mrs. Seals saw Peterson leave the club in the presence of Parrish, and Peterson positively and unequivocally identified Parrish as the person who assaulted and robbed him. Following the assault and robbery, Parrish did not return to the club. A searching analysis of Peterson's testimony has failed to reveal where he was impeached in any manner known to the law. The evidence was sufficient to sustain the conviction. Coleman v. State, 155 Miss. 482, 124 So. 652; Holt v. State, 186 Miss. 727, 191 So. 673; Henderson v. State, 187 Miss. 166, 192 So. 495; Sistrunk v. State, 200 Miss. 437, 27 So. 2d 606; Brockman v. State, 216 Miss. 314, 62 So. 2d 362.

The Court cannot say that the verdict was contrary to the great weight of the evidence, or that the court erred in denying the appellant's motion for a new trial.

It follows therefore that this cause must be, and is, affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Arrington* and *Ethridge, JJ.,* concur.