419 So.2d 1324 (1982)
Joe PATE (a/k/a Joe Payton)
v.
STATE of Mississippi.
No. 53732.
Supreme Court of Mississippi.
September 29, 1982.
Calvin R. King, Durant, for appellant.
Bill Allain, Atty. Gen. by Marvin L. White, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and ROY NOBLE LEE and PRATHER, JJ.
PRATHER, Justice, for the Court:
Joe Pate was indicted and convicted in the Circuit Court of Holmes County for feloniously selling a quantity of cocaine, a Schedule II controlled substance. He was sentenced to twenty years in the Mississippi Department of Corrections and fined $10,000. Pate now appeals from that decision and assigns as errors the following:
(1) That the lower court committed error in overruling the defendant's motion for a mistrial since defendant's counsel was allegedly surprised by a discrepancy in a prosecution witness's testimony and a laboratory report statement delivered to defense counsel prior to trial; and
*1325 (2) That the lower court committed error in failing to grant a peremptory instruction; and
(3) That the lower court committed error in failing to grant a motion for a new trial on the ground that the verdict of the jury was against the weight of the evidence.

STATEMENT OF FACTS
Reginald Gage, an agent of the Mississippi Bureau of Narcotics, arranged through a telephone conversation to purchase cocaine from one "Jimmy Payton." On the following day he, together with surveillance officers in separate cars, traveled to J.J.'s Record Shop in Lexington, Mississippi for the purpose of making the purchase. Gage first knocked on the door of the record shop, but upon receiving no answer, he proceeded to an adjacent trailer located twenty to twenty-five feet from the record shop. Joe Pate invited him to come in and Pate retrieved a bag of cocaine from his refrigerator. At this time, the agent purchased approximately one ounce of cocaine for the price of $2,000. After Gage left Pate's residence, he and the surveillance officers met at a church to conduct a field test on the substance purchased. The test results confirmed that the substance was cocaine.
"Joe Pate" (a/k/a Joe Payton) was subsequently arrested and charged for selling a controlled substance. Prior to trial Pate's attorney filed a discovery motion seeking production of proposed evidence, including results of any scientific tests made in connection with the case, which would be used at the trial. In response to that motion, a Mississippi Crime Laboratory report was submitted to defense counsel. This report showed in typewritten remarks that the agent purchased approximately one ounce of cocaine from "Jimmy Payton." The typewritten remarks additionally indicated that the "purchase was made at J.J.'s Record Shop, Cemetery Street, Lexington, Mississippi." However, at some later time, the name "Jimmy" had been marked through and above it in ink the name "Joe" had been interlined.
At the outset of the trial, defense counsel objected to Gage's testimony that the purchase was made at Pate's residence instead of J.J.'s Record Shop. The defense counsel claimed that he was surprised because of this variance, but nevertheless, the objection was overruled and the trial proceeded.
During the trial, the defendant testified that he had never met Officer Gage and he further denied that he sold the cocaine. He added that Gage had perhaps confused him with his brother Jimmy Pate, who allegedly looked similar to the defendant. Gage, however, claimed that he knew both Jimmy and Joe Pate, and that he could distinguish between the two. Gage also testified that he originally thought that the defendant's last name was Payton since Pate pronounced his name to sound like "Payton" over the phone. The three surveillance agents testified that Gage left the trailer once to find his weighing scales, and that Gage also returned from the trailer with the cocaine. But, none of the surveillance agents actually witnessed the sale of the cocaine inside the residence or saw the alleged perpetrator of the crime. The jury returned a verdict of guilty.

I.
The appellant contended that he was surprised, prejudiced and disadvantaged by Gage's testimony since the testimony was at variance with the facts as stated on the Mississippi Crime Lab report. However, the prosecution also sent a "request for notice of alibi" to the defense attorney prior to trial, and that request not only stated the date and time of the crime but it also stated that the scene of the crime was at the home of Joe Pate. This obviously should have alerted counsel of any potential discrepancy. Furthermore, the defendant admitted at trial that his trailer was not more than 20 feet behind the record shop. Surely, there can be no basis for surprise when these pertinent facts were known by the defendant. See Carraway v. State, 167 Miss. 390, 148 So. 340 (1933) (attorney must be charged with the knowledge of what his client knew).
Additionally, the Court notes that the appellant's brief on this point cites no authority of law. We require counsel to *1326 not only make a condensed statement of the case but, must also support propositions of law with reasons and authorities. Dozier v. State, 247 Miss. 850, 157 So.2d 798 (1963); Johnson v. State, 154 Miss. 512, 122 So. 529 (1929); Bridges v. State, 154 Miss. 489, 122 So. 533 (1929). We therefore conclude that this contention is without merit.

II.
The appellant also contends that the lower court should have granted him a peremptory instruction of not guilty. In passing upon a request for a peremptory instruction in a criminal case, the court considers as true all evidence submitted by the prosecution, together with any reasonable inferences. Bullock v. State, 391 So.2d 601 (Miss. 1980), cert. denied, 452 U.S. 931, 101 S.Ct. 3068, 69 L.Ed.2d 432 (1981); Stinson v. State, 375 So.2d 235 (Miss. 1979). If this evidence is sufficient to support a guilty verdict, then the request for a peremptory instruction of not guilty will be denied. Mosley v. State, 396 So.2d 1015 (Miss. 1981); Saik v. State, 387 So.2d 751 (Miss. 1980).
The defense maintained that the prosecution failed to produce adequate proof of identity for the question of guilt to be decided by a jury. However, Gage positively and directly identified the defendant as the guilty party, and he did so before the jury in the courtroom. This Court has previously commented on the weight of testimony given by a single witness in the case of Henderson v. State, 187 Miss. 166, 192 So. 495 (1939), in which we stated: "The testimony of a single witness whose testimony is not unreasonable on its face, and whose credibility is not successfully impeached, will sustain a conviction although there may be more than one witness testifying in opposition to such witness... ." 187 Miss. at 171, 192 So. at 496. See also Passons v. State, 239 Miss. 629, 124 So.2d 847 (1960) (identification of accused in criminal case is primarily a jury question; positive identification by one witness may be sufficient). Following the principle stated in Henderson and Passons above, we conclude that a peremptory instruction would not be in order when the state produces a credible eyewitness who actually participated in the criminal transaction. This contention is therefore also without merit.

III.
The appellant's final contention is that the jury's verdict of guilty was against the weight of the evidence. Generally, it is the function of the jury to pass upon the weight and worth of the evidence and to determine the credibility and veracity of the witnesses. Ivey v. State, 206 Miss. 734, 40 So.2d 609 (1949); Henderson, supra. Indeed, the jury is under no duty to believe the defendant's denial where there is ample contradictory evidence. Campbell v. State, 278 So.2d 420 (Miss. 1973); Robinson v. State, 228 So.2d 373 (Miss. 1969). Thus, this Court has previously held that it will not set aside a jury verdict of guilty unless it is clear that the verdict is the result of prejudice, bias, or fraud, or that it is manifestly against the weight of the evidence. Marr v. State, 248 Miss. 281, 159 So.2d 167 (1963); Clanton v. State, 49 So.2d 267 (Miss. 1950). In the instant case, the jury's verdict was substantiated by Officer Gage's testimony that he purchased the cocaine from Joe Pate at Pate's residence. Furthermore, the scene of the crime, which was Pate's residence, was also confirmed by three other agents. The only evidence contradicting Pate's guilt is Pate's denial. Thus, we do not find from this record that the evidence was so weak as to be considered indicative of prejudice, bias, or fraud.
Finding no error in the record, this Court affirms the judgment of the lower court.
AFFIRMED.
PATTERSON, C.J., SUGG and WALKER, P. JJ., and BROOM, ROY NOBLE LEE, HAWKINS, BOWLING and DAN M. LEE, JJ., concur.