962 So.2d 39 (2006)
Dontay WALKER, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-KP-00611-COA.
Court of Appeals of Mississippi.
December 12, 2006.
Rehearing Denied May 8, 2007.
*41 Dontay Walker, Appellant, pro se.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before MYERS, P.J., SOUTHWICK and GRIFFIS, JJ.
SOUTHWICK, J., for the Court.
¶ 1. Dontay Walker was convicted by an Oktibbeha County Circuit Court jury of possession of marijuana and possession of cocaine. On appeal, his claims of error include issues regarding instructions and the admissibility and sufficiency of evidence. We find no error and affirm.

FACTS
¶ 2. Walker was the passenger in a car that was driven by Shaundrysus Frazier. Frazier testified that he purchased the vehicle from a friend about one month prior to the stop but that the vehicle was not yet titled in his name. The vehicle was stopped by Oktibbeha Deputy Sheriff Michael Hunter. Deputy Hunter noticed that the windows of the vehicle were almost completely and illegally black from being heavily tinted. Hunter recognized the vehicle as one he had previously stopped for the same violation. As Hunter passed the vehicle traveling in the opposite direction, he also noticed that both the driver and passenger were not wearing their seat belts. Hunter stopped the vehicle based on the tint-law violation. Hunter questioned Frazier and then proceeded to question Walker. Walker was visibly nervous as evidenced by his hands shaking. He was talking on a cell phone and would not make eye contact with Hunter.
¶ 3. While talking to Walker, Hunter was notified by radio that Frazier's license was suspended. Frazier was arrested and searched. Frazier had almost $700 cash in his pants pocket. Hunter told Frazier that Walker could drive the vehicle away because Walker had a valid driver's license. Frazier refused the offer. A deputy named Whitfield arrived to assist Hunter. Officer Shawn Word of the Starkville Police Department contacted Deputy Whitfield about the stop. Officer Word was informed as to the identity of the two *42 passengers and recognized them both. Due to Walker's reputation as a drug dealer, Officer Word wanted to speak with him and proceeded to the traffic stop. Frazier had already been taken into custody but Walker was still seated in the passenger side of the vehicle. Officer Word arrived on the scene and approached the passenger side of the vehicle.
¶ 4. Officer Word testified that Walker was talking on a cell phone but ended the conversation when he saw Word approaching. Officer Word noticed the distinctive smell of marijuana emanating from within the vehicle and believed Walker looked nervous. Officer Word observed Walker moving his right foot in a manner that indicated he was trying to push something underneath the passenger seat. Officer Word had talked with Walker prior to the day of the traffic stop. Walker would not look Officer Word in the eye but persisted in staring straight forward. Due to Walker's suspicious behavior and the smell of marijuana, Officer Word asked Walker to step out of the vehicle. Deputy Whitfield was at the rear of the vehicle and took control of Walker. Deputy Whitfield searched Walker by patting him down and found $1,390 in Walker's front pants pocket. Officer Word immediately located a container under the passenger seat. The container contained marijuana and a substantial amount of crack cocaine. Officer Word told Deputy Whitfield that drugs were found and to arrest Walker. Walker and Frazier were taken into police custody and transported for booking and questioning.

DISCUSSION
1. Admissibility of Seized Evidence
¶ 5. Walker initially argues that Deputy Hunter did not have probable cause to stop Frazier's vehicle and therefore the evidenced seized should have been suppressed at trial. Walker in his pro se brief recites at length the development of search and seizure case law to support his argument. He argues that there was no testimony that Frazier was driving erratically or that any traffic violations occurred to cause the stop.
¶ 6. The trial court denied Walker's motion to suppress, finding that the traffic stop was valid. The action of an officer stopping a vehicle is reasonable when there is "probable cause to believe that a traffic violation has occurred." Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). Probable cause for a traffic stop may arise from an officer's reasonable belief that windows of the vehicle are excessively tinted in violation of law. McCollins v. State, 798 So.2d 624, 627 (Miss.Ct.App.2001). The stop was a valid one.
¶ 7. The smell of marijuana constitutes reasonable suspicion and supports further investigation of a suspected criminal offense, including the search of the passengers and interior of a vehicle. Dies v. State, 926 So.2d 910, 918 (Miss.2006) (citing Boches v. State, 506 So.2d 254, 264 (Miss.1987)). In addition, Walker does not have standing to argue error in the vehicle search: "Fourth Amendment rights are personal rights . . . which may not be vicariously asserted." Spicer v. State, 921 So.2d 292, 310 (Miss.2006) (quoting Alderman v. United States, 394 U.S. 165, 174, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969)). A passenger who does not own the vehicle cannot complain about the legality of its search. Spicer, 921 So.2d at 310 (citing Walker v. State, 913 So.2d 198, 225 (Miss. 2005)). The motion to suppress the contraband was properly denied.
2. Refused Jury Instructions
a. Co-Defendant Cautionary Instruction
¶ 8. Walker argues that the trial court erred in refusing to grant certain *43 jury instructions. One refused instruction, D-9, would have stated among other things that "the testimony of a co-defendant must be weighed with great care and be scrutinized closely," which apparently refers to, but does not name, Shaundrysus Frazier. The trial court refused the instruction because was not a co-defendant. A petition to revoke Frazier's probation from an earlier offense had been filed, but he was not a co-defendant nor is there evidence that he was indicted for any offense arising from the events that led to Walker's arrest. After denying the instruction, the court invited the defense to present a differently worded instruction for the court to consider. None was offered.
¶ 9. Granting a cautionary instruction due to the testimony of an accomplice who is not being tried with the defendant is within the discretion of the trial court. Slaughter v. State, 815 So.2d 1122, 1133 (Miss.2002) (citing Wheeler v. State, 560 So.2d 171 (Miss.1990)). The instruction should be given when the witness is in fact an accomplice, but only if the testimony is uncorroborated. Id. An accomplice is a person who is implicated in the commission of the crime for which the defendant is being tried. Id. The Slaughter court concluded that a witness charged as an accessory after the fact was not an accomplice. Id.
¶ 10. The difficulties with Walker's allegation of error include that the instruction referred to Frazier as a co-defendant, which he was not. Walker was given the opportunity to submit a corrected instruction and chose not to do so. Frazier's presence in the vehicle alone is insufficient to classify him as an accomplice. Garner v. State, 832 So.2d 624, 627 (Miss.Ct.App. 2002). The only portion of Frazier's testimony that could be viewed as uncorroborated is that Walker was in physical possession of the bag containing the narcotics. On these facts, the trial court did not commit an abuse of discretion in refusing to grant the cautionary instruction.
b. Instruction on Lesser Charge of Possession
¶ 11. The second disputed instruction rejected by the trial court would have allowed the jury to consider the lesser offense of possession of less than one ounce of marijuana. Walker argues that there was evidence supporting his possession of less than an ounce of marijuana. Walker admitted to paying $70 for marijuana for his own use. There was evidence that an ounce of marijuana would cost about $100. The laboratory testing revealed that there was more than an ounce of marijuana in the bag found under the seat in which Walker was sitting. An instruction that was given advised jurors that they could convict Walker for possession if they did not find proof beyond a reasonable doubt that he had the intent to distribute, but that instruction referred to more than 30 grams (about 1.05 ounces) and less than 250 grams (8.8 ounces). Walker alleges that the possession instruction that was given was inadequate, because he wanted an opportunity to focus jurors on the argument that he did not possess more than an ounce.
¶ 12. The only evidentiary basis for the instruction that he possessed less than an ounce was that he had not paid enough to have bought an ounce. The laboratory report indicated that the marijuana found under Walker's seat weighed over one ounce. The effort to argue that price was so fixed in the drug business as to create a fact issue that a $70 package would not contain an ounce of marijuana was not sufficient to override the otherwise undisputed evidence of weight. Denial of the instruction was proper.
*44 c. Peremptory Instruction
¶ 13. The third jury instruction Walker argues was erroneously refused is an instruction requiring the jury to return a verdict of not guilty. Walker argues there was insufficient evidence presented to the jury to support his conviction because Frazier was the driver of the vehicle.
¶ 14. A request for a peremptory instruction challenges the legal sufficiency of the evidence. Flora v. State, 925 So.2d 797, 822 (Miss.2006). We review a refusal of a peremptory instruction by considering all of the evidence in a light most favorable to the State, meaning that the State is given the benefit of all favorable inferences that could be drawn from the evidence. Id. The relevant question is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original)).
¶ 15. The previously discussed facts support the finding of the jury that Walker was in constructive possession of the package containing the contraband, and that he knew the package contained those substances. Denial of a peremptory instruction was appropriate.
3. Weight of the Evidence
¶ 16. Walker argues that the verdict convicting him of the lesser included offense of possession of marijuana and the lesser included offense of possession of cocaine were against the overwhelming weight of the evidence. In a precedent on which Walker relies, the incriminating items of evidence in addition to proximity to the drugs were that the defendant-passenger repeatedly looked out the back window while the police were pursing the vehicle, the driver and passenger were friends, and the driver's story that the vehicle had recently been loaned to a friend was not an explanation that the driver originally gave the arresting officer. Cunningham v. State, 583 So.2d 960, 962 (Miss.1991). That evidence did not adequately incriminate the accused. Id.
¶ 17. Walker also relies on a holding that reversed a conviction for possession of marijuana when no evidence connected the defendant to the drugs other than his presence in the vehicle in which drugs were found. Jones v. State, 693 So.2d 375, 377 (Miss.1997).
¶ 18. A challenge to the weight of the evidence by a motion for a new trial is reviewed by examining all the evidence in a light most favorable to the verdict. Bush v. State, 895 So.2d 836, 843 (Miss.2005). An appellate court will disturb the verdict only if allowing it to stand would "sanction an unconscionable injustice." Id. The remedy in situations where the evidence is against the weight of the evidence is a new trial, not acquittal. Id.
¶ 19. Walker may be convicted if he was "aware of the presence and character of the particular substance and was intentionally and consciously in possession of it." Kerns v. State, 923 So.2d 196, 199-200 (Miss.2005) (quoting Curry v. State, 249 So.2d 414, 416 (Miss.1971)). The possession may be actual or constructive. Id. Constructive possession arises from "dominion and control" over drugs and requires "incriminating circumstances" to connect an accused to the substance. Id. Proximity alone is not sufficient evidence to prove possession. Id.
¶ 20. Here, Officer Word testified that he saw Walker attempting to conceal something under his seat. Word and Walker had spoken in previous encounters. Word testified that when he pulled the narcotics out from under the passenger seat, and even though Walker could not see inside the vehicle, Walker said that *45 "none of that" belonged to him. Frazier, the driver of the vehicle, testified that Walker had the bag containing the drugs when Walker entered the vehicle. The overwhelming weight of evidence did not require that a new trial be granted.
4. Overruled Objections
¶ 21. Starkville Police Officer Maurice Johnson arrived at the scene of the traffic stop after both Frazier and Walker were arrested. Johnson interviewed Walker at the Oktibbeha County Sheriff's office. After Johnson testified for the prosecution at the suppression hearing, the defense called him at that same hearing as its own witness. Walker alleges that some questions asked by the prosecution during cross  examination were leading and his objections were improperly overruled.
¶ 22. The issue focuses on questions that were in response to earlier defense questions about whether Johnson was in the interrogation room the entire time with Walker. Johnson testified that he always remained in close proximity to Walker. The prosecution cross-examined this way:
Q. You say close proximity. What you're saying is you had one foot in the doorway and sticking part of the way 
By Mr. Rozier [defense counsel]: Object, you Honor. It's Officer Johnsons's to say, not the 
By the Court: Sit down. This is cross. Walker supports his argument with a holding that reversed a conviction for sale of cocaine. McDavid v. State, 594 So.2d 12 (Miss.1992). That conviction was reversed in part because the trial court erred in allowing the prosecution repeatedly to ask leading questions; the resulting harm was found to be significant. Id. at 16-17.
¶ 23. The trial court has discretion whether to allow leading questions. Neal v. State, 805 So.2d 520, 527 (Miss. 2002). Leading questions are "ordinarily . . . permitted on cross-examination." M.R.E. 611(c). The comments to Rule 611 make clear that leading questions may not be proper during cross-examination when it is cross-examination in form only. The example given in the comments is when a party is cross-examined by that party's own counsel after being called by the opponent. Here too, we find the label of cross-examination to be mere form.
¶ 24. In one precedent, it was found to be error for the prosecution to ask leading questions on cross-examination when a witness for the prosecution was called back to the stand by the defense. Moffett v. State, 456 So.2d 714, 718-21 (Miss.1984). Technically, the State was not authorized to ask Johnson any leading questions after he was recalled by the State. Yet we fail to find prejudicial effect. At worst, harm was "inconsiderable and speculative." McDavid, 594 So.2d at 17 (quoting Whitlock v. State, 419 So.2d 200, 203 (Miss. 1982)). There was no reversible error.
5. Ineffective Assistance of Counsel
¶ 25. Walker was represented by two attorneys at trial. Walker first argues that his counsel failed to object and preserve for appeal issues relating to the testimony of Officer Carl Carrithers. Officer Carrithers testified that about one week prior to Walker's arrest, he observed Walker carrying a bag similar to the bag that was found underneath the passenger seat when Walker was arrested. Walker believes that Carrithers' testimony should have been excluded by a pre-trial motion in limine and subjected to a defense objection. Walker does not articulate what prejudice resulted from his defense counsel failing to make an effort to exclude Carrithers' testimony.
¶ 26. Walker also argues that his counsel failed to attack thoroughly Frazier's actions and testimony. Walker believes *46 his counsel could have elicited testimony from Frazier to demonstrate that some of the drugs belonged to Frazier. Walker also believes that his counsel was ineffective by not eliciting from Frazier why he did not immediately notify the police about the drugs when stopped. Walker also claims that his counsel never discredited or impeached Frazier with evidence that he was a drug dealer and had been under investigation for drug dealing.
¶ 27. Counsel is constitutionally ineffective if his performance was deficient and this deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice is proven by showing that there is a "reasonable probability" that without the deficiency of counsel the trial would have had a different outcome; the probability requires examining all the circumstances of trial. Nicolaou v. State, 612 So.2d 1080, 1086 (Miss.1992). The burden of proof is on the defendant, Walker. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Walker does not articulate how he was prejudiced by the alleged deficiency of his counsel. We also fail to discern any prejudice from the alleged deficiencies. Consequently, there was constitutionally adequate representation.
6. Cumulative Error
¶ 28. Walker argues that even if the previously discussed claims do not constitute error, their cumulative effect deprived Walker of his constitutional right to a fair trial.
¶ 29. Specific reversible error is not required before we should consider the possibility of cumulative error. Byrom v. State, 863 So.2d 836, 847 (Miss.2003). Still, after examining all alleged deficiencies in the trial, we do not find their cumulative effect to require reversal.
¶ 30. THE JUDGMENT OF THE OKTIBBEHA COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I POSSESSION OF MARIJUANA, MORE THAN 30 GRAMS BUT LESS THAN 250 GRAMS, AND SENTENCE OF THREE YEARS; AND COUNT II POSSESSION OF COCAINE MORE THAN 30 GRAMS, AND SENTENCE OF TWENTY-TWO YEARS ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND PAY A FINE OF $1,000 ON EACH COUNT IS AFFIRMED WITH SENTENCES FOR COUNT I AND COUNT II TO RUN CONSECUTIVELY FOR A TOTAL OF TWENTY-FIVE YEARS TO SERVE AND FIVE YEARS OF POST-RELEASE SUPERVISION, AND A FINE OF $2,000. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIBBEHA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.