KING, C.J.,
for the Court:
¶ 1. On an appeal from the Grenada County Justice Court, the Grenada Circuit Court found Christopher Fluker guilty of DUI and driving near the center line for more than 200 yards. Aggrieved, Fluker appeals, raising four issues: (1) whether the State failed to establish the existence of probable cause for the stop; (2) whether the State met its burden of proof for conviction under Mississippi Code Annotated section 63-3-617 (Rev.2004); (3) whether Fluker received ineffective assistance of counsel; and (4) whether the circuit court erred in refusing to allow Fluker to modify the record of his trial. We affirm the judgment of the Grenada County Circuit Court regarding Fluker’s conviction and sentence for DUI, but we reverse and render as to that portion of the judgment which convicted and sentenced Fluker driving near the center line for more than 200 yards.
FACTS
¶ 2. At approximately 3:00 p.m. on May 25, 2008, Fluker was traveling eastbound on Mississippi Highway 8 near Bew Springs, Grenada County, Mississippi, when he was stopped by Highway Patrolman Ben Williams. Patrolman Williams testified that while on patrol, he observed through his rear-view mirror a vehicle with black tinted windows, traveling 62 miles per hour in a 55-miles-per-hour zone and driving close to the center line, while traveling behind two other vehicles. Patrolman Williams testified that during the stop, he detected a strong smell of intoxicating beverages coming from Fluker’s vehicle. Patrolman Williams stated that when he initially questioned Fluker as to whether he had been drinking, Fluker denied drinking. However, Fluker later admitted to having two or three drinks about thirty minutes prior to the stop. Patrol *1031 man Williams also testified that although Fluker was reasonably calm, he observed him to be a bit nervous and that he staggered a bit when asked to step to the rear of the vehicle. Fluker then submitted to a portable Breathalyzer, which according to Patrolman Williams indicated that Fluker had been drinking. Patrolman Williams also stated that he questioned Fluker about his educational level and then asked him to recite the alphabet. Patrolman Williams testified that when Fluker failed to accurately recite the alphabet without singing it, he informed Fluker that he was placing him under arrest for suspicion of DUI and charging him with driving near the center line for more than 200 yards. Patrolman Williams also stated that he did not cite Fluker for speeding, nor did he cite him for the black tinted windows because Fluker’s vehicle was registered in Tennessee, not Mississippi. Mississippi’s prohibition regarding tinted or darkened windows, applies only to vehicles registered in Mississippi. See Miss.Code Ann. § 63-7-59 (Supp.2009). When Patrolman Williams arrived at the police station, he asked Fluker to take an intoxilyzer test, but Fluker refused.
¶ 3. On July 30, 2008, as a result of his convictions in justice court, Fluker filed a notice of appeal in the Grenada County Circuit Court on the charges of DUI refusal[1] and driving near the center line for more than 200 yards. On September 8, 2008, Fluker filed an appeal bond with Hitt Bonding Company. Fluker’s appeal was perfected on September 19, 2008. The record indicates that on November 18, 2008, the Grenada County Circuit Clerk informed Fluker’s trial attorney, Jim Arnold, via mail that Cause Number 2008-177CR, DUI refusal, was set for the docket call on December 9, 2008. On December 10, 2008, the circuit clerk informed Arnold via mail that the Grenada County Circuit Court would hear Fluker’s appeal regarding his conviction in Cause Number 2008-177CR, DUI refusal and Cause Number 2008-183, driving near the center line for more than 200 yards on January 7, 2009. On the morning of trial, the circuit judge called for readiness to proceed with trial, and Fluker’s attorney responded by requesting the court to dismiss the causes saying that the original charge to substantiate probable cause was not a valid charge. The circuit court proceeded to conduct a hearing on Fluker’s motion to dismiss for lack of probable cause to conduct the stop. The State called its only witness, Patrolman Williams, to testify to substantiate probable cause. At the conclusion of the hearing, the circuit court found probable cause for the stop and declared Fluker guilty of DUI[2] and driving near the center line for more than 200 yards. As to the conviction of driving near the center line for more than 200 yards, the circuit judge imposed the sentence imposed by justice court, which was a $40.50 fine plus all costs for a total of $104. As to the conviction of DUI, Fluker was sentenced to pay a $1,000 fine, to serve 48 hours in the county jail, and attend the Mississippi Alcohol Safety Education Program. Fluker was absent during the trial.
¶ 4. On February 6, 2009, Fluker filed a timely appeal of both convictions. On June 2, 2009, Fluker filed a motion for modification of the record in which he *1032 sought to have the circuit court include an affidavit he signed five months after the trial in the appellate record. The circuit judge denied Fluker’s motion stating that nothing contained in the affidavit happened in the circuit court, and the circuit court could not allow a record to be modified to contain information that was not properly within the court’s knowledge.
ANALYSIS
1. Whether the State failed to establish that probable cause existed for the stop of Fluker’s vehicle pursuant to Mississippi Code Annotated section 63-3-617.
¶ 5. Fluker contends that the State failed to establish the existence of probable cause for the stop. Fluker argues that Patrolman Williams’s observations prior to the stop were not based on an objective standard and that the matter was not a violation of Mississippi Code Annotated section 63-3-617. Fluker asserts that Patrolman Williams did not testify that he actually observed the vehicle in his rear-view mirror travel in or near the center line of any highway for more than 200 yards. Fluker claims that Patrolman Williams only stopped him after becoming suspicious of his dark, tinted windows.
¶ 6. The supreme court in Gonzalez v. State, 963 So.2d 1138, 1141 (¶ 10) (Miss.2007), held that:
The principal components of a determination of reasonable suspicion or probable cause will be the events which occurred leading up to the stop or search, and then the decision whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to reasonable suspicion or to probable cause.
¶ 7. The action of an officer stopping a vehicle is reasonable when there is “probable cause to believe that a traffic violation has occurred.” Walker v. State, 962 So.2d 39, 42 (¶ 6) (Miss Ct.App.2006). “Probable cause for a traffic stop may arise from an officer’s reasonable belief that windows of the vehicle are excessively tinted in violation of law.” Id. “[F]ailure to have regard for the width and use of the street by swerving off the side of the road or crossing the marker lines constitutes probable cause for a traffic stop.” Tran v. State, 963 So.2d 1, 14 (¶ 48) (Miss.Ct.App.2006).
¶ 8. In this case, Patrolman Williams testified that he observed Fluker’s vehicle traveling eastbound and the vehicle, which was behind two other cars, had black tinted windows, and the vehicle was traveling close to the center line. We find that Patrolman Williams had probable cause to believe that Fluker had committed at least two traffic violations, which were speeding and having overly tinted windows. Therefore, the stop was valid, and this issue is without merit.
2. Whether the State met the elements of proof for conviction of traveling near the center line for more than 200 yards under Mississippi Code Annotated section 63-3-617.
¶ 9. Fluker asserts that there is no testimony in the record indicating that his conduct was a violation of the statute. Mississippi Code Annotated section 63-3-617, under which Fluker was charged, states:
It shall be unlawful for the driver of any truck or other vehicle to drive in or near the center of any highway for a distance of more than two hundred yards, or at any time to refuse to turn to the right in order that any driver desiring to pass said truck or other vehicle, may drive at a higher legal rate of speed.
*1033 (Emphasis added). Fluker argues that the State failed to meet its burden of proof in convicting him of driving near the center line of any highway or refusing to turn to the right to allow an overtaking vehicle to pass. Fluker asserts that there is insufficient evidence indicating that he was in, on, or refused to clear the center of the road for a distance of more than 200 yards.
¶ 10. According to Boggans v. State, 867 So.2d 279, 284 (¶ 17) (Miss.Ct. App.2004), “if the State has failed to offer any credible evidence as to one or more of the essential elements of the crime, then the proof is said to be insufficient as a matter of law and the defendant’s conviction must be reversed and rendered on appeal.” At trial, there was no proof that Fluker drove more than 200 yards in or near the center line of any highway. The only evidence presented by the State as it relates to this violation was Patrolman Williams’s testimony that he charged Fluker with driving near the center line for more than 200 yards and that he believed that the statute prohibited such action. While Patrolman Williams testified that he informed Fluker that he was placing him under arrest for suspicion of DUI and driving near the center line for more than 200 yards, we find that there was no actual testimony from Patrolman Williams that Fluker did in fact drive in or near the center line for a distance of more than 200 yards, nor was there any evidence presented from which it could be inferred or specifically determined that Fluker traveled for 200 yards near the center line. Because Patrolman Williams charged Fluker with violation of Mississippi Code Annotated section 63-3-617, it was the duty of the State to prove the elements of the statute beyond a reasonable doubt. Sistrunk v. State, 200 Miss. 437, 445, 27 So.2d 606, 608 (1946) (citing King v. State, 74 Miss. 576, 21 So. 235, 236 (1897)).
¶ 11. Additionally, there is some question as to whether this statute is applicable to this case. Patrolman Williams testified that Fluker’s vehicle was behind two other cars and that Fluker’s vehicle was traveling close to the center line. Patrolman Williams charged Fluker with violating Mississippi Code Annotated section 63-3-617. The history of this statute indicates that it was intended to address the issues related to following too closely and prohibiting another vehicle from overtaking and passing. It is clear that according to the intent of the statute and the facts in the record that Fluker did not violate this statute. Evaluating Patrolman Williams’s testimony at trial, there was no mention or indication that he observed Fluker following too close to the center line of any highway, nor was there any evidence to suggest that he observed Fluker driving in such a manner as to impede a driver of any truck or vehicle from overtaking and passing him. Therefore, under these circumstances, this Court is compelled to find that the State failed to prove the elements of the offense of driving in or near the center of any highway for a distance of more than 200 yards. Accordingly, we reverse and render.
3. Whether Fluker received ineffective assistance of counsel.
¶ 12. Fluker contends that he received ineffective assistance of counsel; therefore, the judgment of the circuit court should be reversed. Fluker claims that his counsel was ineffective in the following respects: (1) trial counsel was unaware of the existence of Mississippi Code Annotated section 63-3-617; (2) trial counsel failed to properly cross-examine Patrolman Williams as to the probable cause for his stop; (3) trial counsel failed to properly cross-examine Patrolman Williams as to the elements of proof of driving under the influence; (4) trial counsel failed to call *1034 witnesses to testify on Fluker’s behalf; and (5) trial counsel failed to notify Fluker of the trial date or engage in any discovery motions prior to trial.
¶ 13. The Mississippi Supreme Court has previously held that:
It is unusual for this [c]ourt to consider a claim of ineffective assistance of counsel when the claim is made on direct appeal. This is because we are limited to the trial court record in our review of the claim[,] and there is usually insufficient evidence within the record to evaluate the claim. The Mississippi Supreme Court has stated that, where the record cannot support an ineffective assistance of counsel claim on direct appeal, the appropriate conclusion is to deny relief, preserving the defendant’s right to argue the same issue through a petition for post-conviction relief. This Court will rule on the merits on the rare occasions where (1) the record affirmatively shows ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge.
Wilcher v. State, 863 So.2d 776, 825 (¶ 171) (Miss.2003) (internal citations and quotations omitted). Because Fluker’s allegations of ineffective assistance of counsel do not fall within the exceptions for addressing this issue on direct appeal, we find that Fluker’s allegations of ineffective assistance of counsel would be more appropriately raised in a petition for post-conviction relief. Therefore, we deny Fluker relief on this issue without prejudice to allow Fluker to pursue post-conviction relief if he desires to do so.
4. Whether the circuit court erred in refusing to allow Fluker to modify the record of his trial.
¶ 14. On June 2, 2009, Fluker filed a motion for modification of the record pursuant to Mississippi Rule of Appellate Procedure 10(e) to include an affidavit signed five months after the trial informing the court that he had never received notice from his trial counsel of his trial date. The motion was denied. The court ruled that because nothing contained in Fluker’s affidavit happened in the trial court, it could not allow the record to be modified to contain information that was not within its knowledge.
¶ 15. Mississippi Rule of Appellate Procedure 10(f) states that:
Nothing in this rule shall be construed as empowering the parties or any court to add to or subtract from the record except insofar as may be necessary to convey a fair, accurate, and complete account of what transpired in the trial court with respect to those issues that are the bases of appeal.
¶ 16. This Court may not consider information outside the record. Hardy v. Brock, 826 So.2d 71, 76 (¶ 26) (Miss.2002). The Court is confined to what actually appears in the record. We find that the trial court did not err in refusing to allow Fluker to modify the record; thus, this issue is without merit.
¶ 17. THE JUDGMENT OF THE GRENADA COUNTY CIRCUIT COURT OF CONVICTION OF DUI AND SENTENCE OF FORTY-EIGHT HOURS IN THE COUNTY JAIL, TO PAY A $1,000 FINE, AND PARTICIPATION IN THE MISSISSIPPI ALCOHOL SAFETY EDUCATION PROGRAM IS AFFIRMED. THE JUDGMENT OF THE GRENADA COUNTY CIRCUIT COURT OF CONVICTION OF DRIVING NEAR THE CENTER LINE FOR MORE THAN 200 YARDS AND SENTENCE TO PAY A $40.50 FINE IS REVERSED *1035 AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY BETWEEN THE APPELLANT AND GRENADA COUNTY.
LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. CARLTON, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION.

. According to the DUI refusal statute, Mississippi Code Annotated section 63-11-21 (Rev. 2004), if a person refuses upon request of a law enforcement officer to submit to a chemical test of his breath designated by the law enforcement agency, he shall be subject to arrest and punishment consistent with the penalties prescribed in Mississippi Code Annotated section 63-11-30 (Supp.2009).

. See note 1.